GEORGE B. MAGRUDER, PLAINTIFF IN ERROR *vs.* THE UNION BANK OF GEORGETOWN, DEFENDANTS IN ERROR.

An action was brought by the Union Bank of Georgetown against George B. Magruder as indorser of a promissory note drawn by George Magruder. The maker of the note died before it became payable, and letters of administration to his estate were taken out by the indorser. No notice of the non-payment of the note was given to the indorser, or any demand of payment made until the institution of this suit. Held, that the indorser was discharged, and his having become the administrator of the drawer does not relieve the holder from the obligation to demand payment of the note, and to give notice thereof to the indorser.

The general rule, that payment must be demanded from the maker of a note, and notice of non-payment forwarded to the indorser within due time, in order to render him liable, is so firmly settled that no authority need be cited to support it. Due diligence to obtain payment from the maker, is a condition precedent, on which the liability of the indorser depends. [90]

IN the circuit court of the district of Columbia, for the county of Washington, the defendants in error instituted a suit against George B. Magruder, the plaintiff in error, upon a promissory note drawn by George Magruder in favour of and indorsed by the plaintiff in error, dated Washington, November 8th, 1817, for six hundred and forty-three dollars twenty-one cents, payable seven years after date. After the making of the note, the drawer, George Magruder, died, and on the 18th of November 1822, administration of his effects was granted to George B. Magruder, the plaintiff in error. The note having been due on the 11th of November 1824, was not paid.

Upon the trial of the cause, the plaintiff, in support of the issue joined, offered in evidence to the jury the promissory note, issued the 18th of November 1823, the hand writing of the maker, and the indorsement by the defendant having been admitted; and further proved that the defendant had, previous to the note falling due, taken out letters of administration in the county of Montgomery, in the state of Maryland, upon the personal estate of George Magruder, the maker of the said note, on the 18th of November 1823; the

said George Magruder having previously departed this life. It was admitted that the note in question had never been protested, nor had any notice been given to this defendant that the note was not paid. Upon these circumstances, the counsel for the defendant moved the court to instruct the jury, that before the plaintiff can recover in this action, it is essential for him to prove demand and notice to the indorser, of the non-payment; which not being done, the verdict should be for the defendant. But the court refused to give the instruction prayed for as aforesaid, and charged the jury, that no demand of notice of non-payment was necessary. To this refusal and instruction the counsel for the defendant excepted, and the court sealed a bill of exceptions, and this writ of error was prosecuted.

The case was argued by Mr Coxe for the plaintiff in error, and by Mr Dunlop and Mr Key for the defendant.

Mr Coxe contended, that the fact that the indorser of the note had become the administrator of the drawer, did not release the holders of the note from any of the duties and legal obligations they were under, to give notice to the indorser of the non-payment of the note, and that payment was expected from him. The letters of administration were granted out of the district of Columbia; but if they had been issued within the district, the law would have been the same.

As a general rule, notice was necessary, and notice must come from the holder of the note, to apprise the party that he is looked to for payment. Chitty, 292.

The mere fact that the indorser had been the representative of the drawer, did not imply a knowledge of the non-payment of the note; and if it did, notice of its non-payment was not thereby dispensed with. Chitty, 293. 1 T. Rep. 167. 2 Con. Rep. 654. The legal obligations of an indorser become complete on notice, and are not such until notice.

The obligation to give notice has been declared to exist in a case in which, if it ever could be excused, it would have been waived under its circumstances. Where one person

was a member of two partnerships, one of which signed, and the other of which indorsed, it was h ld, that presentment for payment was necessary to charge he indorser. Bayley on Bills, 159.

Mr Dunlop and Mr Key, for the defendant, admitted the general rule to be as stated by the counsel for the plaintiff in error; but exceptions had been allowed to the rule, and on the same principles, the present was entitled to exemption from its stricter application.

In the Bank of Columbia vs. French, 4 Cranch, 161, when this note was drawn for the use of the indorser, notice was not required. His knowledge that the obligation to pay was upon him, made the notice unnecessary.

The plaintiff in error, as administrator of the drawer, became the payer of the note, and as such was bound to do so without demand; no demand on him being required, it was useless to give him notice that he had not done what he well knew he had omitted.

The purpose of the rule as to notice did not exist here : if notice was required to enable the indorser to secure himself by calling on the drawer, this could not be done; and as he had the estate of the drawer in his hands for his indemnity, no demand of the indorser was necessary. Bank of the United States vs. Corneal, 2 Peters, 552.

The law never requires that to be done which is useless; and therefore the defendant in error, who could not by the notice or by its omission have affected the rights of the indorser, or his means of protecting himself from loss, was not required to give it.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This action was brought by the Union bank of Georgetown against George B. Magruder, as indorser of a promissory note made by George Magruder. The maker of the note died before it became payable; and letters of administration on his estate were taken out by the indorser. When the note became payable, suit was commenced against the indorser,

without any demand of payment other than the suit itself, without any protest for non-payment, and without any notice that the note was not paid, and that the holder looked to him as indorser for payment. Upon these circumstances the counsel for the defendant moved the court to instruct the jury, that before the plaintiff can recover in this action, it is essential for him to prove demand, and notice to the indorser of the non-payment; which not being done, the verdict should be for the defendant. But the court refused to give this instruction, and charged the jury, that no demand or notice of non-payment was necessary. To this opinion the counsel for the defendant in the circuit court excepted, and · has brought the cause to this court by writ of error.

The general rule that payment must be demanded from the maker of a note, and notice of its non-payment forwarded to the indorser within due time, in order to render him liable, is so firmly settled that no authority need be cited in support of it. The defendant in error does not controvert this rule, but insists that this case does not come within it; because demand of payment and notice of non-payment are totally useless, since the indorser has become the personal representative of the maker. He has not however cited any case in support of this opinion, nor has he shown that the principle has been ever laid down in any treatise on promissory notes and bills. The court ought to be well satisfied of the correctness of the principle, before it sanctions so essential a departure from established commercial usage.

This suit is not brought against George B. Magruder as administrator of George Magruder, the maker of the note, but against him as indorser. These two characters are as entirely distinct as if the persons had been different. A recovery against George B. Magruder, as indorser, will not affect the assets in his hands as administrator. It is not a judgment against the maker, but against the indorser of the note. The fact that the indorser is the representative of the maker does not oppose any obstacle to proceeding in the regular course. The regular demand of payment may be made, and the note protested for non-payment, of which notice may be given to him as indorser with as much facility as if the indorser had

[Magruder *vs.* The Union Bank of Georgetown.]

not been the administrator. It is not alleged that any difficulty existed in proceeding regularly ;—the allegation is, that it was totally useless.

The note became payable on the 8th day of November 1824. The writ was taken out against the indorser on the 26th day of April 1825. If this unusual mode of proceeding can be sustained, it must be on the principle that, as the indorser must have known that he had not paid the note, as the representative of the maker, notice to him was useless. Could this be admitted : does it dispense with the necessity of demanding payment? It is possible that assets which might have been applied in satisfaction of this debt, had payment been demanded, may have received a different direction. It is possible that the note may have been paid by the maker before it fell due. Be this as it may, no principle is better settled in commercial transactions, than that the undertaking of the indorser is conditional. If due diligence be used to obtain payment from the maker, without success, and notice of non-payment be given to him in time, his undertaking becomes absolute ; not otherwise. Due diligence to obtain payment from the maker, is a condition precedent, on which the liability of the indorser depends. As no attempt to obtain payment from the maker was made in this case, and no notice of non-payment was given to the indorser, we think the circuit court ought to have given the instruction prayed for by the defendant in that court.

The judgment is reversed, and the cause remanded, with directions to award a *venire facias de novo.*

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said circuit court in this cause be, and the same is hereby reversed, and that the said cause be and the same is hereby remanded to the said circuit court, with directions to award a venire facias de novo in said cause.