ORANGE SCREEN COMPANY, A CORPORATION, APPEL-
LANT, v. HUGH A. HOLMES, RESPONDENT.

Submitted January 28, 1927—Decided April 22, 1927.

1.  While delivery of a note of a third person by a debtor to his
    creditor is not payment *pro tanto* of the debt, merely suspending
    the remedy, yet, if the holder be guilty of laches, it operates as
    a satisfaction of the debt to the amount of the note.

2.  The failure of a creditor to give to his debtor notice of the dis-
    honor of a note of a third person given by the debtor to his credi-
    tor for the period of sixteen months after the maturity of the
    note, during which period the debtor had in his hands on several
    occasions funds of the maker of the note sufficient to pay the
    same, held such laches as to bar the creditor from collecting on
    his account against the debtor the amount of the note.

On appeal from a judgment of the District Court of the
city of Elizabeth.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Donald B. Munsick.*

For the respondent, *Berkeley C. Austin.*

The opinion of the court was delivered by

KATZENBACH, J.  This is an appeal from a judgment of
the District Court of the city of Elizabeth.  The plaintiff
below is the appellant.  The suit was instituted to recover
the contract price of screens furnished to Hugh A. Holmes
(the defendant below, hereinafter called the defendant) by
the Orange Screen Company (the plaintiff below and herein-
after called the plaintiff) under a written contract.  The
contract price was $246.84.  The defendant held a promissory
note for the sum of $220, of the American Bindery Corpora-
tion, dated May 4th, 1922, and payable to him four months
after the date thereof.  The note was dated at Detroit.  It
was payable at Detroit.  The note was endorsed irregularly

by Raymond T. Berry, who was the president of the American Bindery Corporation. Holmes endorsed the note generally and delivered it to the plaintiff. The note was presented for payment when due. It was not paid and was protested for non-payment. Neither the usual nor any other notice of protest and dishonor was given to Holmes. He had no knowledge either directly or indirectly that the note had not been paid until January 11th, 1924. This was one year and four months after the maturity of the note. The plaintiff then demanded of the defendant full payment of the contract price for the screens. Between the maturity of the note and January 11th, 1924, Holmes had in his hands on several occasions funds of the American Bindery Corporation in excess of the amount of the note which could have been applied to the payment of the note. The District Court held that Holmes was entitled to credit for the amount of the note. Holmes claimed to have paid the balance of $26.84 in cash. This was disputed. A compromise as to this item was effected. The compromise was that Holmes should pay one-half of this amount. Judgment was given against him for $13.42.

We think the action of the trial court correct in the disposition which it made of the case. It is supported by authorities. In the case of *Shipman* v. *Cook,* 16 *N. J. Eq.* 251 (decision by Chancellor Green), it was held that "though the delivery of a bill or note, either of the debtor or of a third party is not payment of a precedent debt, but merely suspends the remedy, yet, if the holder be guilty of laches, it operates as a complete satisfaction." In that case a note so received by a mortgagee was applied in extinguishment of the mortgage where no notice of dishonor was given the mortgagor (endorser of the note). The same rule is stated by 2 *Dan. Neg. Ins.* 1139 and in the text of 8 *Corp. Jur.* 635.

It would be an injustice to hold otherwise. An endorser may, if apprised promptly of the dishonor of the note, take up the note and proceed against the maker, or, as in the present case, funds may come into his hands available for his own protection. Chief Justice Marshall in *Magruder* v.

*The Bank,* 7 *R. C. L.* 613; 3 *Pet.* 87, in discussing the failure to give notice of protest in a somewhat different aspect said: "It is possible that assets which might have been applied in payment of this debt, had payment been demanded, may have received a different direction." This is what happened in the instant case.

The judgment is affirmed.