127 N.J. Super. 320 (1974)
317 A.2d 386
CHANDLER MOTORS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOHN E. DUNHAM AND FRANKLIN STATE BANK, DEFENDANTS-RESPONDENTS,
v.
CONCORD INSURANCE COMPANY, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 12, 1974.
Decided March 22, 1974.
*321 Before Judges KOLOVSKY, FRITZ and CRANE.
Messrs. Kaplowitz and Wise, attorneys for appellant (Mr. Robert Frank, of counsel and on the brief).
Messrs. Winetsky and Winetsky, attorneys for respondent Dunham (Mrs. Charles N. Winetsky, on the brief).
Messrs. Eichler and Forgosh, attorneys for respondent Franklin State Bank (Mr. Peter A. Forgosh, on the brief).
PER CURIAM.
On May 28, 1970 defendant Dunham purchased an automobile from plaintiff under a retail installment contract. He delivered to plaintiff, as part of the purchase price, a draft which had been issued by Concord Insurance Company to Dunham and Franklin State Bank in the sum of $2250.
The draft, dated May 25, 1970, read in pertinent part as follows:
*322 Upon acceptance by Concord Insurance Company, Fidelity Union Trust Company, Newark, New Jersey, will pay and remit without charge to the order of Dunham and Franklin State Bank the sum of $2250.
Before delivery to plaintiff, the draft was indorsed by Dunham and by the Franklin State Bank.
Plaintiff deposited the draft in its bank. When that deposit was made does not appear. However, it does appear that the draft did not reach the Fidelity Union Trust Company until June 15, 1970, at which time it was dishonored because the drawer and acceptor named therein, Concord Insurance Company, had had its assets frozen by order entered on June 12, 1970 by the Commissioner of Banking and Insurance.
Two years later, in June 1972, plaintiff instituted this action seeking to recover $2250 from both Dunham and Franklin State Bank based on their indorsement of the draft and seeking to recover $2250 from Dunham as the alleged balance of the purchase price due under the underlying obligation, the retail installment sales contract.
Plaintiff appeals from the judgment for defendants entered by the court after trial without a jury. Concomitant judgments finding no cause for action on a third-party complaint and cross-claims filed by defendants are not involved in this appeal.
We affirm. The trial court's finding that timely notice of dishonor of the draft was not given to defendants-indorsers is fully supported by the record and mandated its conclusion that plaintiff is not entitled to recover.
Timely notice of dishonor was required to be given the indorsers, N.J.S.A. 12A:3-501 (2) (a), there being no legally recognized excuse for not giving it. See N.J.S.A. 12A:3-511. The failure to give timely notice of dishonor discharged the indorsers from any liability on the draft. N.J.S.A. 12A:3-502 (1) (a).
*323 Plaintiff's argument that no notice of dishonor was required because allegedly the indorsements made by defendants were made "after maturity," see N.J.S.A. 12A:3-501 (4), lacks merit. The last cited section applies only where the indorsement was made after the instrument was "over due," a situation which did not exist in this case where the draft was indorsed by defendants within three days of its date of issue and 18 days before it was presented for acceptance. Here defendants had indorsed the draft before, not after, maturity.
Finally, contrary to what plaintiff argues, Dunham's discharge of liability on the draft because of the failure to give him notice of dishonor also discharges him from liability with respect to the amount thereof on the underlying obligation, the retail installment sales contract. N.J.S.A. 12A:3-802(1) (b); Shipman v. Cook, 16 N.J. Eq. 251 (Ch. 1863); Orange Screen Co. v. Holmes, 103 N.J.L. 560 (Sup. Ct. 1927).
The judgment is affirmed.