## GRIGGS *v.* HOUSTON.

1. Sections 1166 and 1167 of the Code of Tennessee, touching the liability which railroad companies incur by failing to observe certain precautions in running their trains, do not apply to contractors engaged in constructing a railroad.
2. The jury may be properly instructed to find for the defendant, where, if the verdict should be against him, the court should set it aside and grant a new trial.

ERROR to the Circuit Court of the United States for the Eastern District of Tennessee.

The defendants, contractors engaged in building a railroad in Tennessee, were sued by the widow of Griggs, for herself and his minor children, for damages caused by his death. He was improperly riding on the pilot or bumper of a locomotive, forming part of a construction train of the defendants, at the time it collided with loaded cars standing on the track. The injuries he then received resulted in his death. Persons on the cars attached to the train were not hurt.

Her claim to recover was based upon sect. 1166 and sect. 1167 of the Code of Tennessee, prescribing certain precautions which a railroad company must observe in running its train. They provide that " when any person, animal, or other obstruction appears upon the road, the alarm-whistle shall be sounded, the breaks put down, and every possible means employed to stop the train and prevent an accident; and every railroad company that fails to observe these precautions, or cause them to be observed by its agents or servants, shall be responsible for all damage to persons or property occasioned by or resulting from any accident or collision that may occur." The court charged the jury that these provisions did not apply to the case, and that she was not entitled to recover. The jury found for the defendants, and she sued out this writ.

Submitted on printed arguments by *Mr. J. M. Thornburgh* for the plaintiff in error, and by *Mr. Xenophon Wheeler* for the defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We agree entirely with the court below in the opinion that the statutes in relation to railroads relied upon by the plaintiff in error are not applicable to the facts of this case. If upon the evidence the jury had brought in a verdict against the defendants it would have been the duty of the court to set it aside and grant a new trial. The case comes clearly within *Railroad Company* v. *Jones* (95 U. S. 439), which was followed below. It was right, therefore, to direct a verdict for the defendants. There was no such conflict of evidence as to make it necessary for the jury to pass on the facts.

*Judgment affirmed.*