## UNITED STATES v. REDER.

### (District Court, D. South Dakota. August 22, 1895.)

1. Public Lands—Cutting Timber from Mineral Lands—Indictment.

On the trial of an indictment for cutting timber from the mineral lands of the United States for purposes other than those connected with building, agricultural, mining, or other domestic uses, contrary to the act of June 3, 1878, the intent is wholly immaterial, and it is only necessary to show that the prohibited acts were done.

2. Same—Regulations by Secretary of the Interior.

One who cuts and removes timber from the mineral lands of the United States, and sells the same, or the lumber manufactured therefrom, without taking from the purchaser any statement in writing as to the purposes for which the same is intended to be used, as required by the regulations made by the secretary of the interior under the authority of the act of June 3, 1878, is guilty of a violation of that statute, and subject to the penalties prescribed by it.

3. Criminal Law—Presumption of Innocence.

The presumption of innocence attends the accused from the beginning of the trial, through all its stages, to the final determination thereof.

4. Same—Circumstantial Evidence.

To warrant a conviction upon circumstantial evidence alone, the facts proved must be such as are absolutely incompatible upon any reasonable hypothesis with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than his guilt.

This was an indictment against Odo Reder for cutting timber from the mineral lands of the United States, contrary to the provisions of the act of June 3, 1878.

Chauncey L. Wood, Special Asst. U. S. Atty.

W. G. Porter and B. R. Wood, for defendant.

EDGERTON, District Judge (charging jury). This case has been presented and defended with marked ability. I ask of you careful consideration of the law which will govern you. It has been claimed that the defendant is an old settler of the Black Hills, and that he is a good and valuable citizen, and that he did not know that he was violating the law, if he did violate it. These considerations will not excuse him in a court of justice. If you should find him guilty, they may properly be urged in mitigation of the sentence, but no man is excused from violating the law because he did not know what the law was.

In this case the defendant is indicted for a violation of the laws enacted for the protection of timber on public mineral lands of the United States. There are three counts in the indictment. In the first count the defendant is charged with having unlawfully felled and removed a large amount of timber, described as "pine trees," being and growing on the public mineral lands of the United States, in Custer county, in this state and district. And it is further charged in the first count of said indictment that said timber was not so felled and removed by the defendant for building, agricultural, mining, or domestic purposes, nor for the use of the United States navy, contrary to the statutes of the United States, and contrary to rules and regulations in pursuance thereof made by the secretary of

the interior.   In the second count of the indictment the defendant
is charged with having unlawfully felled and removed a large num-
ber of pine trees growing and being on the public mineral lands of
the United States in Custer county, in this state and district; and
that timber and trees so felled and removed, and the lumber so manu-
factured therefrom, was sold and disposed of by the defendant to
divers persons and corporations, not then and there citizens and
bona fide residents of the state of South Dakota, for use outside of
the state of South Dakota, other than for the use of the United States
navy, contrary to the statutes of the United States in such cases made
and provided, and contrary to the rules and regulations in pursuance
thereof made by the secretary of the interior.    In the third and last
count of the indictment it is charged that the defendant unlawfully
felled and removed timber, to wit, a large number of pine trees, being
and growing on the public mineral lands of the United States, in
Custer county, S. D., which said timber, it is charged in the third
count, so felled and removed, was by the defendant sent, shipped,
and exported outside of the state of South Dakota, for use other than
for the United States navy, contrary to the forms and effect of the
statutes of the United States, and contrary to the rules and regula-
tions in pursuance thereof made by the secretary of the interior.    It
is charged in each count of the indictment that this cutting and re-
moving was done on the 4th day of May, 1894, and the indictment
was found and returned on the 19th day of August, 1895.    And the
court now instructs you that, if you find from the evidence that this
cutting was done at any time during a period of three years next be-
fore the day of the indictment, then it falls within the allegations
and charges contained in the indictment as to time.    To this indict-
ment the defendant has pleaded not guilty, thus putting in issue all
of the material allegations of the indictment.

By an act of congress of June 3, 1878, a right to take timber from
public mineral lands for building, agricultural, mining, or other do-
mestic purposes is specially created in favor of certain persons
named in the act.    The first section in that act provides as follows:

That all citizens of the United States and other persons, bona fide residents
of the state of Colorado or Nevada, or either of the territories of New Mexico,
Arizona, Utah, Wyoming, Dakota, Idaho, or Montana, and all other mineral
districts of the United States, shall be, and are hereby, authorized and per-
mitted to fell and remove, for building, agricultural, mining or other domestic
purposes, any timber or other trees growing or being on the public lands,
said lands being mineral, and not subject to entry under existing laws of the
United States, except for mineral entry, in either of said states. territories
or districts of which such citizens or persons may be at the time bona fide
residents, subject to such rules and regulations as the secretary of the interior
may prescribe for the protection of the timber and of the undergrowth grow-
ing upon such lands, and for other purposes: provided the provisions of this
act shall not extend to railroad corporations.

The third section provides as follows:

Any person or persons who shall violate the provisions of this act, or any
rules or regulations in pursuance thereof made by the secretary of the inte-
rior, shall be deemed guilty of a misdemeanor, etc.

From this it will be seen that it is lawful for all citizens of the
United States, and other persons bona fide residents of the state of

South Dakota and other states and territories named in the act, to fell and remove timber and other trees in any mineral district within this state for building, agricultural, mining, or other domestic purposes.

In this case it is alleged in the indictment and conceded by the defendant that the lands spoken of in the indictment are mineral lands of the kind mentioned in the act of congress above referred to.

Under the sanction and authority of the congress as expressed in the act in question, the secretary of the interior has made the following rules and regulations:

"By virtue of the power vested in the secretary of the interior by the 1st section of the act of June 3, 1878, entitled 'An act authorizing the citizens of Colorado, Nevada, and the territories to fell and remove timber on the public domain for mining and domestic purposes,' the following rules and regulations are hereby prescribed:

"(1) The act applies only to the states of Colorado and Nevada and to the territories of New Mexico, Arizona, Utah, Wyoming, Dakota, Idaho, and Montana, and other mineral districts of the United States not specially provided for.

"(2) The land from which timber is felled or removed under the provisions of the act must be known to be of a strictly mineral character, and that it is 'not subject to entry under existing laws of the United States, except for mineral entry.'

"(3) No person not a citizen or bona fide resident of a state, territory, or other mineral district provided for in said act is permitted to fell or remove timber from mineral lands therein. And no person, firm, or corporation felling or removing timber under this act shall sell or dispose of the same, or the lumber manufactured therefrom, to any other than citizens and bona fide residents of the state and territory where such timber is cut, nor for any other purpose than for the legitimate use of said purchaser for the purpose mentioned in said act.

"(4) Every owner or manager of a sawmill or other person felling or removing timber under the provisions of this act shall keep a record of all timber so cut and removed, stating time when cut, names of parties cutting the same or in charge of the work, and describing the land from whence cut by legal subdivisions if surveyed, and as near as practicable if not surveyed, with a statement of the evidence upon which it is claimed that the land is mineral in character, and stating also the kind and quantity of lumber manufactured therefrom, together with the names of parties to whom any such timber or lumber is sold, dates of sale, and the purposes for which sold; and shall not sell or dispose of such timber or lumber made from such timber, without taking from the purchaser a written agreement that the same shall not be used except for building, agricultural, mining, or other domestic purposes within the state or territory; and every such purchaser shall further be required to file with said owner or manager a certificate, under oath, that he purchases such timber or lumber exclusively for his own use, and for the purposes aforesaid.

"(5) The books, files, and records of all mill men or other persons so cutting, removing, and selling such timber or lumber, required to be kept as above mentioned, shall at all times be subject to the inspection of the officers and agents of this department.

"(6) Timber felled or removed shall be strictly limited to building, agricultural, mining, or other domestic purposes within the state or territory where it grew. All cutting of such timber for use outside of the state or territory where the same is cut, and all removals thereof outside of the state or territory where it is cut, are forbidden.

"(7) No person will be permitted to fell or remove any growing trees of any kind whatsoever less than eight inches in diameter.

"(8) Persons felling or removing timber from public mineral lands of the United States must utilize all of each tree cut that can be profitably used,

and must cut and remove the tops and brush, or dispose of the same in such manner as to prevent the spread of forest fires. The act under which these rules and regulations were prescribed provides as follows:

" 'Sec. 3. Any person or persons who shall violate the provisions of this act, or any rules or regulations in pursuance thereof made by the secretary of the interior, shall be deemed guilty of a misdemeanor, (and upon conviction shall be fined in any sum not exceeding five hundred dollars, and to which may be added imprisonment for any term not exceeding six months.)'

"(9) These rules and regulations shall take effect September 1, 1886, and all existing rules and regulations heretofore prescribed under said act, inconsistent herewith, are hereby revoked."

The government was the owner of all these lands, and as such owner had the right to withhold them from occupancy or sale, or had the right to determine on what terms they might be occupied; and when any party went on those lands he accepted the terms and conditions imposed by the government. When this defendant went on such lands, he accepted the terms imposed by the government, and agreed to all the provisions imposed. The act of congress above referred to confers the privilege upon the persons therein named to cut timber upon the public mineral lands of the United States for the purposes named in the act, under such rules and regulations as the secretary of the interior might prescribe. And, the secretary of the interior having prescribed the rules and regulations to which the court has just called your attention, it is only lawful to cut timber on the public mineral lands of the United States in accordance with the act of congress and such rules and regulations.

In this case I instruct you that it is incumbent upon the United States to satisfy you by the evidence beyond a reasonable doubt that the defendant did cut timber, as charged in the indictment, from the public mineral lands of the United States, for purposes other than for building, agricultural, mining, or other domestic purposes. The intention of the defendant is wholly immaterial; and if you believe from the evidence that the defendant did cut and remove timber growing and being upon the public mineral lands of the United States, in Custer county, in this state, for other than such purposes, then I instruct you that you find the defendant guilty as charged in the indictment, and I further instruct you that, if you find from the evidence beyond a reasonable doubt that the defendant shipped or exported any of the timber thus cut and removed by him from this state, then he is guilty of a violation of the act of congress that I have spoken of, and the rules and regulations in pursuance thereof made by the secretary of the interior, and it will be your duty to find the defendant guilty as charged in the indictment unless the defendant has satisfied you that such timber was so exported out of the state for the use of the United States navy.

The court further instructs you that the law provides by act of congress of March 3, 1891, as follows:

And in the states of California, Montana, Idaho, North Dakota, and South Dakota, Wyoming, and the District of Alaska, and the gold and silver regions of Nevada and the territory of Utah, in any criminal prosecution or civil action by the United States for a trespass on such public lands or to recover timber or lumber cut thereon it shall be a defense if the defendant shall show that the said timber was so cut or removed from the timber lands for use in

such state or territory by a resident thereof for agricultural, mining, manufacturing, or domestic purposes under rules and regulations made and prescribed therefor by the secretary of the interior, and has not been transported out of the same.

The court therefore instructs you that if you find from the evidence that the defendant did fell and remove timber growing and being on the public mineral lands of the United States, in the county of Custer, in this state, but that such timber was so cut or removed for use in this state for agricultural, mining, manufacturing, or domestic purposes, under rules and regulations made and prescribed by the secretary of the interior, and has not transported any of it out of the state, then you will find the defendant not guilty as charged in the indictment.

You are instructed that, in order to find defendant guilty in manner and form as charged in the indictment, you must find beyond a reasonable doubt that all the acts constituting the offense charged in the indictment were committed within three years immediately preceding the finding the indictment upon which defendant is now being tried; that the prosecution and government must establish beyond a reasonable doubt every fact and element necessary to constitute the crime as charged in the indictment. You are instructed that in this case the law raises no presumption against the person, and, further, presumption of the law is in favor of his innocence, and that to convict of the crime alleged in the indictment every material fact necessary to constitute such crime must be proved beyond a reasonable doubt; and, if you entertain any reasonable doubt upon any single fact or element necessary to constitute the crime, it is your duty to give the person the benefit of such doubt, and acquit him. You are instructed that it is incumbent upon the prosecution and government to prove every material allegation of the indictment as therein charged. Nothing is to be presumed, or taken by implication, against the defendant. The law presumes him innocent of the crime of which he is charged until he is proven guilty beyond a reasonable doubt, by competent and sufficient evidence; and, if the evidence in this case leaves upon your minds any reasonable doubt of defendant's guilt, the law makes it your duty to acquit him. You are instructed, further, that in the law the accused is always presumed to be innocent until his guilt is established by evidence; that the presumption of innocence starts with the charge at the beginning of the trial, and goes with him until the determination of the case; and to authorize and warrant the conviction his guilt must be established beyond a reasonable doubt, and mere preponderance of the evidence is not sufficient. You are instructed, further, that circumstantial evidence is legal and competent in criminal cases; and if it is of such a character as to exclude every reasonable hypothesis other than that the defendant is guilty, it is entitled to the same weight as direct testimony. You are instructed that what is meant by circumstantial evidence in criminal cases is the proof of such facts and circumstances connected with or surrounding the commission of the crime charged as tend to show the guilt or innocence of the party charged. You

are instructed as a matter of law that, where a conviction for a criminal offense is sought upon circumstantial evidence alone, the government must not only show beyond a reasonable doubt that the alleged facts and circumstances are true, but they must be such facts and circumstances as are absolutely incompatible upon any reasonable hypothesis with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the accused; and that to authorize a conviction on circumstantial evidence the circumstances should not be only consistent with the prisoner's guilt, but they must be inconsistent with any other rational conclusion or reasonable hypothesis, and such as to leave no reasonable doubt in the minds of the jury of the defendant's guilt. If there is any one single fact proved to the satisfaction of the jury by preponderance of the evidence which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit the defendant.

If you find from the evidence that such timber was cut and removed for other than domestic purposes for use in the state, then you will find the defendant guilty as charged in the indictment. And the court further instructs you that the license or privilege conferred by the act of congress I have spoken of was not given, created, nor conferred for the purpose of speculations, but to permit persons to use for purely domestic purposes so much timber as their wants for domestic use might require from the public mineral lands of the United States; and if you find from the evidence beyond a reasonable doubt that the defendant cut and removed more timber from the public mineral lands in the United States in Custer county during three years next before the 19th day of August, 1895, than was necessary to supply his own domestic wants, and more than was necessary to supply the domestic wants of those to whom he sold it, as shown by the mutual written statement between buyer and seller as provided for in rules and regulations above spoken of, then I instruct you that you find the defendant guilty as charged in the indictment. In this case, if you find from the evidence that the lands in question are of the character spoken of in the indictment, and that the defendant felled and removed timber from such lands, and that he made sales of lumber manufactured from such timber to other persons, and took from the purchaser no statement nor writing of any character whatever, and the purchaser of such lumber took from the defendant no statement of any character whatever, either as to what the lumber was manufactured for or as to the use that the purchaser proposed to devote it to, then I instruct you that this was a violation of the act of congress and of the rules and regulations in pursuance thereof made by the secretary of the interior, and the defendant is guilty.