[No. 789.    August 29, 1899.]

## THE UNITED STATES OF AMERICA, Plaintiff in Error, v. GUMM BROTHERS et al., Defendants in Error.

### SYLLABUS BY THE COURT.

TROVER—CUTTING TIMBER FROM PUBLIC LANDS—ABATEMENT—DEMURRER —PARTNERS—INDIVIDUAL LIABILITY OF—WEIGHT OF EVIDENCE—JURY QUESTION—PLEA OF LICENSE—BURDEN OF PROOF—EVIDENCE—RULES AND REGULATIONS OF SECRETARY OF INTERIOR—INSTRUCTION EMBODYING—REFUSAL—ERROR—JUDICIAL NOTICE.—1. Where the United States sues in trover, for damages for the cutting and converting to the defendants use timber cut from the public lands, defendants are sued individually as well as under the firm name of Gumm Bros., it is not error for the court to overrule a demurrer to a plea in abatement denying existence of such firm, and alleging existence of firm under another name.

2. In such case a partner may be sued individually without regard to the partnership.

3. Where defendants plead a license to cut and convert such timber the burden of the proof is upon defendants upon that issue.

4. In order to establish license under the act of congress approved June 3, 1878, it is necessary to prove compliance with section 1 of the act, and also the rules and regulations prescribed by the secretary of the interior as required by said section.

5. Where the defendant introduces competent evidence tending to prove license, it is error to refuse instructions requested by the plaintiff embodying the rules prescribed by the secretary of the interior.

6. The court, in such case will take judicial notice of such rules and regulations.

7. Where competent evidence sufficient to sustain a verdict has been given to the jury tending to prove the illegal cutting and appropriation of timber of the United States, and by the defendant, competent evidence tending to justify such acts, it is for the jury to determine the weight of such evidence, and it is error for the court to take the case from the consideration of the jury.

*Error*, from a judgment for defendants, to the Fifth Judicial District Court.    Reversed and remanded.

The facts are stated in the opinion of the court.

W. B. CHILDERS for the United States.

Any person or corporation, who seeks to justify the cutting of timber from the public lands by showing a license under the law, must show a compliance therewith. United States v. Railroad, 40 Fed. Rep. 419; Railroad v. Lewis, 162 U. S. 376.

The presumption is that the cutting, in the absence of evidence, is illegal. United States v. Cook, 19 Wall. 591; Railroad Co. v. Lewis, supra.

It is only lawful to cut timber upon the public mineral lands of the United States in accordance with the act of congress and the rules and regulations of the secretary of the interior. United States v. Reeder, 69 Fed. Rep. 965.

The burden of proof to show that the timber was lawfully cut was upon the defendants. Stone v. United States, 64 Fed. Rep. 667; United States v. Baxter.

It is not necessary, even in a criminal case, to allege or prove that defendant was not justified under any of the land laws of the United States in cutting the timber. United States v. Stone, 49 Fed. Rep. 848.

Nor is it necessary to introduce in evidence the rules and regulations of the secretary of the interior; this court will take judicial notice of them. Caha v. United States, 152 U. S. 211-221.

S. B. GILLETT for defendants in error.

The court did not err in instructing a verdict for defendants. 2 Thomp. on Tr., sec. 2242; Chandler v. Van Roeder, 24 How. 227; Wilder v. Wheeldon, 56 Vt. 344; Harris v. Woody, 9 Mo. 113; St. Johnsburg v. Thompson, 9 Atl. Rep. 571. See, also, 2 Thomp. on Tr., sec. 2245; Tyson v. Yawn, 15 Ga. 491; Boland v. Railroad, 36 Mo. 484; Meyer v. Railroad, 40 Id. 151; Charles v. Patch, 87 Id. 450, 462; Alexander v. Mining Co., 3 N. M. 255; Lockhart v. Wills, 50 Pac. (N. M.) 318; Ellis v. Railway Co., 150 U. S. 245; Railroad Co. v. Houston, 95 Id. 697; Schofield v. Railroad, 114 Id.

615; Railroad v. Converse, 139 Id. 469; Hildebrand v. Lillis, 51 Pac. Rep. 1008; Bank v. Insurance Co., 105 U. S. 783; Richardson v. Boston, 19 How. 263.

The burden of proof was on plaintiff. Denver & Rio Grande R. R. Co. v. United States (N. M.), not reported; United States v. Routledge, 8 N. M. 385.

It was not incumbent upon defendants to show that there were mines upon the land from which timber was cut, before they could claim the protection of the license. United States v. Edwards, 38 Fed. Rep. 812; United States v. Mining Co., 40 Id. 415.

Plaintiff having sued Gumm Brothers and the evidence showed there was no such firm, it would have been error to have allowed plaintiff to recover. Dicey on Par. 149, rule 115; 1 Chitt. Pl. 8, 19, 305, 307; Vinal v. Oil & Oil Land Co., 110 U. S. 215; Heckla v. Ore & Iron Co., 28 N. Y. 34; Cushing v. Marston, 12 Cush. 431; Fish v. Gates, 133 Mass. 441; Halliday v. Doggett, 6 Pick. 359; Page v. Wolcott, 15 Gray, 536; Dunker v. Schlotfield, 49 Ill. App. 652; Seeley v. Schenck, 2 N. J. Law, 71; Reed v. Railroad, 105 Mass. 303; Chouteau v. Railt, 20 Ohio 132.

McFIE, J.—At the May term, 1897, of the district court for the Fifth judicial district, this cause was tried before Judge Hamilton and a jury, and under the instructions of the court, verdict was rendered for the defendants.

A motion for a new trial was filed by the plaintiff in error and the same being overruled, judgment was rendered against the plaintiff for costs. To reverse this judgment the plaintiff below has brought the cause into this court by writ of error.

The United States brought suit in trover against John, Wallace, Peter and Joseph Gumm, as individuals and also as partners doing business under the firm name of Gumm Brothers, alleging that the defendants converted to their own use logs, lumber and timbers, cut and manufactured from and out of trees theretofore standing, growing and being upon certain

TROVER: cutting timber from public lands: abatement: demurrer.

lands of the plaintiff, situate in said district, and alleging plaintiff's damages to be ten thousand dollars, for which amount plaintiff prays judgment.

There was personal service by the marshal, and Warren, Fergusson and Gillett entered appearance as attorneys for defendants.

On the fourth day of May, A. D. 1897, a plea in abatement was filed by the defendants, denying that the defendants were partners or transacted business under the firm name of Gumm Brothers; denying the existence of any such firm as Gumm Brothers, and alleging the existence of the White Oaks Building & Lumber Company, a firm composed of John Gumm, Joseph Gumm, Wallace Gumm and Elmer Gumm, and that they have always transacted business under the name of the White Oaks Building & Lumber Company since the organization of the partnership.

To this plea a demurrer was interposed, upon the ground that inasmuch as the defendants were sued individually as well as members of a copartnership, the plea does not constitute a defense.

The court sustained the demurrer, and to this action the defendants duly excepted. Section 2946, Compiled Laws of 1897, is as follows:

"All contracts, which by the common law are joint only, shall be held and construed to be joint and several; and in all cases of joint obligations or assumptions by partners and others, suit may be brought and prosecuted against any one or more of the parties liable thereon, and when more than one person is joined in any such suit, such suit may be prosecuted, and judgment rendered against any one or more of such defendants."

In the case of Curran v. Boot & Shoe Company, 8 N. M. 417, it was held that one member of a copartnership could be sued, and that the firm name was "nothing more than descriptio personae."

Under the laws of this territory, therefore, all contracts and obligations are several and in case of copartnership, each

PARTNERS: individual liability of.

member is severally liable and may be sued separately, and judgment may be taken against him regardless of the existence of the partnership or the liability of the other copartners. That the statute above referred to applies to this case, which is an action ex delicto, may well be doubted, but even so, it will be found that under the common law the result is the same.

Parsons on Partnership [3 Ed.], p. 171, states the doctrine as follows:

"It is to be observed that, although all the partners may be liable for a tort, and all may be sued jointly, they may also be sued severally; for, in law, all torts, however joint, and whether constructive or actual, are several. It is therefore no answer for a defendant sued in tort to say that others were guilty with him."    Cooley on Torts [2 Ed.], p. 155.

The plea discloses the fact that Joseph Gumm, one of the defendants, was a member of the White Oaks Building & Lumber Company, therefore, he was a proper party defendant to the suit in any event, but as the parties were sued and served individually, their liability became a matter of proof, and the denial of the existence of the firm of Gumm Brothers, or alleging the existence of the firm of the White Oaks Building & Lumber Company, was immaterial, did not constitute a defense, and the court very properly sustained the demurrer to the plea.

The defendants plead, over first pleading, not guilty, and as trial progressed, by leave of the court, a plea of license was filed over the objection of the plaintiff.

When the evidence was all in, the plaintiff requested the court to give to the jury written instructions one to twelve, inclusive, and the defendants moved the court to instruct the jury to find for the defendants.

The court refused to give the jury any of the instructions requested by the plaintiff, sustained the motion of the defendants, and instructed the jury to find the issues in favor of the defendants.

Exceptions were saved to the action of the court, by the plaintiff, and the jury returned a verdict in favor of the defendants.

A motion for a new trial was made and overruled, and a judgment was entered against the plaintiff for costs.

Several errors have been assigned, and such of them as are deemed necessary to a proper disposition of this case will now be considered.

The first error assigned, is that "The court erred in instructing the jury to find a verdict in favor of the defendants."

This court has repeatedly decided, that where there is no evidence to sustain a verdict against a defendant, or where the court would be compelled to set aside a verdict WEIGHT of evidence: jury question. against a defendant, if returned, the court has power to direct a verdict in favor of the defendant. Candelaria v. A. T. & S. F. R'y Co., 6 N. M. 266; Improvement Co. v. Munson, 14 Wall. 442; Pleasant v. Font, 22 Wall. 116; Herbert v. Butler, 96 U. S. 319; Bowditch v. Boston, 110 U. S. 16; Griggs v. Houston, 104 U. S. 553; Randal v. Railroad Co., 109 U. S. 478; Railroad Co. v. Jones, 95 U. S. 439; North Pennsylvania Railroad Co. v. Commercial National Bank, 123 U. S. 727.

In this case there was considerable evidence given on the part of the plaintiff, tending to show that a large amount of timber was cut from the public lands of the United States described in the declaration; that the same was sawed into lumber by the mill owned in part by the defendant, Joseph Gumm; and that a large amount of such lumber was converted to the use of the defendant Joseph Gumm and his associates, as the same was sold by them and the proceeds of such sales appropriated to their own use and benefit.

There was also considerable evidence on the part of the defendants tending to show that the lumber sold by Joseph Gumm, and associates, under the firm name of the White Oaks Building & Lumber Company, was purchased by citizens of the United States, and residents of the territory, and that the

timber cut was taken from mineral lands, all of which was competent under defendants plea of license.

It is true that there appears to be no evidence whatever of the existence of the firm of Gumm Brothers, nor that the defendants were copartners doing business under such firm name.

The plaintiff called Joseph Gumm as a witness, and he testified there was no such firm, and this is conclusive evidence upon that point.    Nor is there any evidence in the record tending to show that John, Wallace or Peter Gumm individually had any connection with either the cutting of timber, or disposing of the lumber complained of, nor were either of them members of the White Oaks Building & Lumber Company.  The instruction of the court was correct, therefore, as to the firm name of Gumm Brothers, John, Wallace and Peter Gumm.

It is different, however, as to Joseph Gumm, who admits he was a copartner of the White Oaks Building & Lumber Company, which is shown to have cut the timber and sold the lumber.   The suit being maintainable against him, evidence tending to establish the cutting of timber from the public lands, by a mill of which he was a co-owner, and the conversion of the product to his use, at least in part, and also evidence tending to show license or authority to cut and dispose of such timber, was competent evidence, was given before the jury, and it was for the jury to determine the weight and value of this evidence under proper instructions from the court, and render a verdict thereon, as between the plaintiff and the defendant, Joseph Gumm.

As to the defendant, Joseph Gumm, this case was not within the rule laid down in the authorities above referred to, and the court erred in giving the jury instructions complained of in the first assignment of error.

The second error assigned, is "The court erred in refusing to give the instructions asked for by the plaintiff."

As we have found that there was competent evidence for the consideration of the jury, if the instructions requested

by the plaintiff were proper, there was error committed by the court in refusing to give such of them as were correct. The court was requested to charge as follows:

"Fourth. The court instructs the jury that the defendants claimed a right to cut timber upon the lands of the United States under and by virtue of the statutes permitting bona fide residents of the Territory of New Mexico, and of other states and territories, to fell and remove timber from the public lands of the United States, except for mineral entry, for building, agricultural or other domestic purpose. The court instructs the jury that the laws of the United States permit timber to be cut upon such public lands as are mineral in character, and which are not subject to entry under the existing laws of the United States, except for mineral entry provided that the person so cutting timber does so subject to such rules and regulations as the secretary of the interior has prescribed for the protection of timber and the undergrowth growing upon such lands. The court instructs the jury that it is incumbent upon the defendant to make out this defense, that the right to cut timber upon such lands is a privilege or license, or that the burden of proof is upon the defendants to show that the timber so cut was cut under and in accordance with the conditions and terms of the statute referred to."

"Fifth. The court further instructs the jury that the burden of proof is upon the defendants to show that they are bona fide residents of the territory of New Mexico, or of the district in which such timber is situated at the time of the cutting. Second. That the land from which said timber was cut was mineral land and was not subject to entry under the existing laws of the United States, except for mineral entry. Third. That they have complied with the regulations described by the secretary of the interior for the protection of the timber and undergrowth growing upon said lands, and for other purposes."

"Ninth. The court further instructs the jury that the secretary of the interior has prescribed regulations governing the cutting of timber upon the public lands in such cases as

this, that said regulations provide that the land from which timber is felled or removed under the provisions of the act must be known to be of a strictly mineral character and that it is not subject to entry under the existing laws of the United States, except for mineral entries, and that said regulations further provide that such timber shall not be disposed of to any other than citizens and bona fide residents of the state and territory where such timber is cut nor for other purpose than legitimate use of such purchaser for the purpose mentioned in said act; that is to say, for building, agricultural, mining or other domestic purposes. That said regulations further provide that every owner or manager of a saw-mill or other person felling or removing timber under the provisions of this act, shall keep a record of all timber so cut and removed, stating the time when cut, the names of the parties cutting the same or in charge of the work, and describing the land from whence cut, or legal subdivisions if surveyed, or as near as practicable if not surveyed, with a statement of the fact upon which it is claimed that the land is mineral in character, and shall state also the amount and quantity of lumber manufactured therefrom, together with the names of the parties to whom any such timber or lumber is sold, dates of sale and the purpose for which sold, and shall not sell or dispose of such timber or lumber made from such timber without taking from the purchaser a written agreement that the same shall not be used except for building, agricultural, mining or other domestic purposes within the said state or territory; and further requires that every such purchaser shall further be required to file with said owner or manager a certificate under oath that he purchased such timber or lumber exclusively for his own use and for the purposes aforesaid."

The court was requested by the plaintiff, in these instructions to inform the jury that the burden of proof was upon the defendants to establish their license of lawful right to cut and dispose of the plaintiff's timber, and second, that it devolved upon the defendants to show compliance with the

PLEA of license: burden of proof.

laws of the United States, and the regulations prescribed by the secretary of the interior, as directed by the laws of the United States, in regard to cutting and disposing of timber from the public lands.

The burden of the proof was upon the plaintiff to establish, by a preponderance of the evidence, the cutting and conversion of timber by the defendants, or some of them, from the public lands, but the burden of proof was undoubtedly upon the defense to show the right to so cut and dispose of such timber. This right is designated a license, in this case, and the defense recognized the necessity of showing the right by pleading license. Having pleaded license to cut and dispose of such timber, the burden of proof was upon the party pleading license as a defense, to maintain the plea and thus excuse the act. It should be so for the further reason, that some of the facts constituting this license are within the knowledge of the defense only, and therefore the plea can not be maintained without their disclosure by the defendants.

The ninth instruction sets out, substantially, the rules and regulations prescribed by the secretary of the interior under the act of congress in regard to the cutting and disposing of timber upon the public lands. It will be observed that, under these rules and regulations the owner or manager of a sawmill or other person felling or removing timber upon or from the public lands, is required to keep a record of all timber so cut or removed, stating the time when cut, the names of the parties cutting or in charge of the work; describing the land from which it was cut by legal subdivisions, or as near as practicable if unsurveyed; the character of the land; how much lumber was manufactured; how much sold, and to whom; and required that none shall be sold unless a written agreement is taken from the purchaser that the same shall not be used except for building, agricultural, mining or other domestic purposes, within said territory or state, as the case may be. It is apparent that such information is peculiarly within the knowledge of the defendants sued for cut-

EVIDENCE: rules and regulations of secretary of interior: instruction embodying: refusal: error.

ting and removing such timber, and, as such facts are necessary of a license to cut or remove timber from the public lands, it was for the defendants and not the plaintiff to establish them.   Northern Pacific R. R.• Co. v. Lewis, 162 U. S. 376.

The defendants plead license and seek to justify under the act of congress approved June 3, 1878, 20 United States Statutes, chapter 150, page 88.   The first section of this act is as follows:

"That all citizens of the United States, and other persons, bona fide residents of the state of Colorado, or Nevada, or either of the territories of New Mexico, Arizona, Utah, Wyoming, Dakota, Idaho, or Montana, and all other mineral districts of the United States, shall be, and are hereby, authorized and permitted to fell and remove, for building, agricultural, mining, or other domestic purposes, any timber or other trees growing or being on the public lands; said lands being mineral, and not subject to entry under existing laws of the United States, except for mineral entry, in either of said states, territories or districts of which such citizens or persons may be at the time bona fide residents, subject to such rules and regulations as the secretary of the interior may prescribe for the protection of the timber, and of the undergrowth growing upon such lands, and for other purposes:   Provided, the provisions of this act shall not extend to railroad corporations."

The defendants contend, that in order to show license it was not necessary for them to show compliance with the rules and regulations prescribed by the secretary of the interior under the above act, and they further insist that such rules and regulations must be proven as any other fact in the case.   In the case of Caha v. United States, 152 U. S. 211-221, it was held that the courts will take judicial notice of rules and regulations prescribed by the department of the interior under act of congress, and therefore it is not necessary to prove them.   It is true the rules and regulations in that

JUDICIAL notice.

case related to local land offices, but that is immaterial as they were prescribed under an act of congress as in this case.

The supreme court of Montana in a well considered case involving a construction of the identical rules and regulations prescribed by the act of congress above set out held that the courts of that state take judicial notice of them.

Counsel for defendants cited the case of the Denver & Rio Grande Railroad Co. v. United States, 54 Pac. 336, decided by this court at the present term, as holding that such "rules and regulations" must be proven as any other fact. An examination of the case shows that the court did not so decide. Similar rules and regulations were not before the court, or involved in the case, and the decision of the court was as to a special act of congress, and not rules and regulations required to be perscribed under a general act of congress.

The law seems to be well settled, that it is only lawful to cut timber upon the public mineral lands of the United States in accordance with the act of congress and the rules and regulations prescribed by the secretary of the interior under the act, and that the burden of proof to show that the timber was lawfully cut or removed is upon the defendant. 69 Fed. Rep. 965.

In the case of the Northern Pacific Railroad Company v. Lewis, 162 U. S. 376, the court says:

"The absolute ownership of these lands being at the time in the United States, it had as owner the same right and domain over them as any owner would have. No one had the right to enter upon the lands; no one had the right to cut a stick of timber thereon, without its consent. Any one so going upon the lands and cutting timber would be guilty of the commission of an act of trespass. The government, however, chose to make some exceptions in favor of certain classes of people to whom were given the right to cut timber for certain purposes: First. They were to be citizens of the United States. Second. Bona fide residents of the state or territory mentioned in the act. Third. They were to be permitted to fell and remove any timber or trees growing or

being on the public lands, provided they were mineral, and
not subject to entry under existing laws of the United States;
and they were authorized and permitted to fell and remove
such timber only for building, agricultural, mining or other
domestic purposes.    The cutting and removing were to be
done under rules and regulations prescribed by the secretary
of the interior.    Outside of these exceptions, there was no
right in any person to cut a particle of timber on these public
lands of the government."

These exceptions which may be set up and relied upon as
a license and defense in an action by the United States for cut-
ting and disposing of timber from the public lands, are very
clearly pointed out in the cases above referred to, and from
these authorities and others which might be cited, compliance
with the rules and regulations prescribed by the secretary of
the interior is just as essential in order to constitute license
as is compliance with any part of the act of congress above
quoted, and there can be no license which would justify such
cutting and appropriation of timber unless compliance with
the rules and regulations as well as the statute is shown by the
defendant.

There was evidence given as to a partial compliance with
the statute and rules, but partial compliance does not con-
stitute license or a defense in a civil action, for cutting or re-
moving of timber from lands of the United States is presumed
to be illegal.    United States v. Cook, 19 Wall. 591; N. Pac.
R. R. Co. v. Lewis, 162 U. S. 376; United States v. Reeder,
69 Fed. 965.    And to justify the act and escape liability, full
compliance with the act of congress and the rules and regula-
tions defining under what circumstances such timber may be
lawfully cut or removed, must be shown.

Defendants contend that these rules and regulations
apply to criminal cases only, but we are of the opinion that they
apply to both civil and criminal cases.

In the United States v. Murphy, 32 Fed. Rep. 378, the
court says:    "Under the provisions of section 2461, whoever
cuts and removes timber from public lands, which includes

all that the government holds title to, must be prepared to show, when indicated or sued as a trespasser, lawful authority for his act."

It seems clear that the court erred in refusing the instructions above set out, and that the second error is well assigned.

The motion for a new trial based upon these assignments, should have been allowed and a new trial granted.

The judgment of the court below will be reversed and the cause remanded with instructions to the court below to set aside the judgment, grant a new trial, and proceed in accordance with this opinion.

Judgment reversed and cause remanded at defendants' costs.

Mills, C. J., Parker and Crumpacker, JJ., concur; Leland, J., absent.