## MONTCLAIR *v.* DANA.

The jury may be controlled in their determination of a question by a peremptory instruction, if the testimony is of such a conclusive character as would compel the court, in the exercise of a sound legal discretion, to set aside a verdict if one were returned in opposition to such testimony.

ERROR to the Circuit Court of the United States for the District of New Jersey.

The case is stated in the opinion of the court.

*Mr. Thomas N. McCarter* and *Mr. William M. Evarts* for the plaintiff in error.

*Mr. Barker Gummere* for the defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The bonds in suit are of the same issue as those involved in *Montclair* v. *Ramsdell, ante*, p. 147.

The cases do not materially differ, except in the circumstances under which the respective defendants in error became the holders of the bonds. In this, as in the other case, the plaintiff in error was denied the opportunity to establish certain facts which, it claimed, tended to show fraud or illegality in the inception of the bonds, apart from any question of legislative authority. If it be conceded that the excluded evidence was admissible under the plea of *non est factum*, — which was the only plea to the special counts on the bonds and coupons, — and, also, that it tended to show fraud or illegality in their inception, still there was no error in the ruling of the court. For if, as counsel contend, proof of such fraud or illegality would shift the burden of proof upon the defendant in error to show how and upon what consideration he came by them, that exigency was met by proof that he was in every sense a *bona fide* holder for value. That he purchased the bonds for value and without notice of any fraud or illegality upon the part of the commissioners in the exercise of the power conferred by the statute, was so clearly shown, that the court below was justified in saying to the jury — as, in effect, it did — that the evidence left no room to dispute the fact. The action of the court, in that respect, was consistent with the rule

frequently announced, that the jury may be controlled in their determination of a question by a peremptory instruction, if the testimony is of such a conclusive character as would compel the court, in the exercise of a sound legal discretion, to set aside a verdict if one were returned in opposition to such testimony. *Hendrick* v. *Lindsay*, 93 U. S. 143; *Phœnix Insurance Co.* v. *Doster*, 106 id. 30.

All other questions raised by the assignments of error, and which are deemed of any moment, are concluded by the decision in the Ramsdell case.

*Judgment affirmed.*