# DUNLAP *v.* NORTHEASTERN RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF GEORGIA.

No. 256.    Argued April 17, 1889. — Decided May 13, 1889.

When, in an action brought by an employé of a railroad company to recover damages for injuries caused by the negligence of other employés, the defence of contributory negligence is set up, the plaintiff is entitled to have the question submitted to the jury unless no recovery could be had upon any view which could be properly taken of the facts which the evidence tended to establish.

This court will not, by a technical construction of an obscure record, preclude itself from correcting an error committed in the trial below, if a construction can be given to it which will give jurisdiction.

THIS was an action on the case brought by Dunlap against the Northeastern Railroad Company to recover for injuries received during the month of August, 1882, by reason of a train belonging to defendant leaving the track, while Dunlap was acting as engineer.

The Code of Georgia (1882, pp. 509, 762) provides as follows:

"§ 2083. *Liability of railroad companies as carriers.* — Railroad companies are common carriers, and liable as such. As such companies necessarily have many employés who cannot possibly control those who should exercise care and diligence in the running of trains, such companies shall be liable to such employés as to passengers for injuries received from the want of such care and diligence."

"§ 3036. *Injury by co-employé.* — If the person injured is

himself an employé of the company, and the damage was caused by another employé, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to recovery."

It was contended on behalf of the plaintiff that the accident happened in consequence of the road-bed being defective to such an extent and under such circumstances as to render defendant liable; while defendant claimed that plaintiff was guilty of contributory negligence, because he was running faster than twenty miles an hour, the superintendent having instructed him not to exceed that speed; because he made use of intoxicating drinks while on duty; and because the rules of the company limited speed to ten miles an hour before crossing trestles and bridges, while the place of the accident was near a trestle and plaintiff was running at a greater rate than ten miles an hour.

Evidence was adduced tending to sustain plaintiff's contention, and to refute that of defendant, as to a rate of speed exceeding twenty miles an hour, and the use of intoxicating liquors; and also to show that plaintiff was a locomotive engineer in the employment of the Richmond and Danville Railroad, and during the month of August, 1882, was sent to relieve an engineer on the Northeastern Railroad; that he relieved him on Saturday, on which day he hauled dirt, and that on Saturday evening he went to Tallulah Falls and got his train conductor, and from there to Athens, Sunday, and started out on Monday, on the evening of which day the accident occurred; that he had never been over the road before and had no experience of it or knowledge of the track; that he had never seen or read the train rules governing the running of trains on the road; that while he had been over the road once and returned, it was impossible for him, upon so slight an experience, to remember at night just where the trestles were; and that he did not know at the time that this particular trestle was immediately in front of him. Defendant's superintendent testified that he understood that Dunlap had never been over the road but once; that he explained to him Monday morning that he had a safe conductor and a

good set of brakemen, and that he could rely upon the conductor; that he "talked with him about the train and the track, and the conductor and the equipment of the train, and about the pilot and the pilot's duty, and about the character of the conductor and the character of the run generally, and the rate of speed, which was from eighteen to twenty miles an hour — not to exceed twenty;" and that he did not know "that Mr. Dunlap ever saw our train rules or read them." There was some controversy as to the existence of the rule as stated, at the time of the accident, but there was no dispute that the train was running more than ten miles an hour.

The court instructed the jury to return a verdict for the defendant, which being done and judgment rendered thereon, the cause was brought here on writ of error.

*Mr. Hoke Smith* for plaintiff in error.

*Mr. Pope Barrow* for defendant in error.

I. No question is presented by this bill of exceptions which calls for a decision by this court. No exceptions were taken at the trial by plaintiff's attorney to any ruling of the court, or to any instructions given to the jury, or to the failure or refusal of the court to give any which were requested. There is no pretence that any such exceptions were taken or noted during the trial. *Walton* v. *United States*, 9 Wheat. 651; *Bradstreet* v. *Thomas*, 4 Pet. 102; *Phelps* v. *Mayer*, 15 How. 160; *Sheppard* v. *Wilson*, 6 How. 260, 275; *Insurance Co.* v. *Lanier*, 95 U. S. 171; *Barton* v. *Forsyth*, 20 How. 532; *French* v. *Edwards*, 13 Wall. 506.

In the case last mentioned the court instructed the jury to find for the defendant. It was contended in this court by counsel for the defendant in error that the bill of exceptions did not show that the exceptions were taken at the trial. The court examined the bill of exceptions to decide the question whether this was true and held to the contrary; that is to say, that the bill of exceptions did show that the exceptions were taken at the trial. If an instruction to find for the defendant

had been such a case as did not require counsel to except at the trial, it would undoubtedly have been disposed of by the court on that ground without an examination to ascertain whether or not exceptions were so taken. If it had been immaterial in that case whether they were so taken, the court would not have troubled itself to investigate that question.

II. On the merits the plaintiff was not entitled to recover. *Rowland* v. *Cannon*, 35 Georgia, 105; *Central Railroad* v. *Kenney*, 58 Georgia, 485; *Atlanta & West Point Railroad* v. *Webb*, 61 Georgia, 586; Code of Georgia, §. 3036; *Central Railroad Co.* v. *Sears*, 61 Georgia, 279; *Zettler* v. *Atlanta*, 66 Georgia, 195; *Schofield* v. *Chicago, Milwaukee &c. Railroad Co.*, 114 U. S. 615; *Randall* v. *Baltimore & Ohio Railroad*, 109 U. S. 478; *Chandler* v. *Von Roeder*, 24 How. 224; *Herbert* v. *Butler*, 97 U. S. 319; *Railroad Co.* v. *Jones*, 95 U. S. 439; *Pleasants* v. *Fant*, 22 Wall. 116.

MR. CHIEF JUSTICE FULLER, after stating the case as above reported, delivered the opinion of the court.

The Circuit Court erred in not submitting the question of contributory negligence to the jury, as the conclusion did not follow, as matter of law, that no recovery could be had upon any view which could be properly taken of the facts the evidence tended to establish. *Kane* v. *Northern Central Railway*, 128 U. S. 91; *Jones* v. *East Tennessee, Virginia & Georgia Railroad Co.*, 128 U. S. 443.

It is urged that the exceptions were not properly saved, and therefore that they should be disregarded. There is some obscurity in the record upon this subject, but upon the whole we think that enough appears to enable us to pass upon the question presented. The bill of exceptions shows that certain instructions, numbered 1 and 2, were requested by plaintiff and refused, and certain instructions, numbered 3 and 4, objectionable or adverse to plaintiff, were given, and it is stated by the court that "the plaintiff's counsel presented his request in writing before the charge of the court began. The court instructed the jury to find for the defendant, without notice to

plaintiff's counsel that the requests would not be given, and there was no opportunity for counsel to except to the failure of the court to charge as requested until the instructions were given to the jury. The exceptions, therefore, contained in Nos. 1, 2, 3 and 4 were not taken or noted during the trial." But the bill of exceptions also states: "V. The court instructed the jury to return a verdict for the defendant. VI. The jury returned a verdict in accordance with said instructions, and judgment was thereupon entered up in behalf of defendant in pursuance of said instructions; and to said instructions, verdict and judgment, the plaintiff, by his counsel, excepted and now excepts, during the term at which said case was tried and while said term is still in session, and assigns the same as error, and prays the court to sign and certify this exception."

We understand from this language, taken together, that the general instruction of the court to find for the defendant was excepted to at the proper time; and while greater accuracy of expression should have been used, we are not inclined by too technical a construction to preclude ourselves from correcting the error we hold was committed. The judgment is

*Reversed and the cause remanded, with directions to grant a new trial.*