NEININGER v. COWAN et al.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1900.)

No. 347.

1. TRIAL—DIRECTION OF VERDICT.

A court may properly direct a verdict for defendant on the conclusion of plaintiff's evidence in an action in which the right of recovery depends upon the questions of negligence and contributory negligence, where the conclusion follows, as a matter of law, that no recovery can be had upon any view that can properly be taken of the facts the evidence tends to establish.

2. SAME—ISSUE UPON MOTION TO DIRECT VERDICT.

A motion for direction of a verdict, like a demurrer to evidence, admits, not only what the evidence proves, but the ultimate facts which it tends to prove.

3. RAILROADS—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.

In an action against a railroad company to recover for an injury at a crossing, it clearly appeared that defendant was guilty of negligence, in failing to guard the crossing as required by an ordinance, or to give the statutory signals. It also appeared from plaintiff's own evidence that he was familiar with the crossing, which was on a principal street of a city; that he approached the crossing, driving a wagon, in the early morning, on the side of the street where his view of the track in the direction from which the train approached was obstructed by buildings until he was within 10 feet of the track, although from the other side of the street he could have seen along the track in both directions for a considerable distance; that he observed that there was no watchman, as was usual during the daytime, but drove upon the track without stopping to look or listen. *Held*, that such evidence disclosed contributory negligence, which was a proximate cause of the injury, and justified the court in directing a verdict for the defendant.

Waddill, District Judge, dissenting.

In Error to the Circuit Court of the United States for the District of West Virginia.

John A. Howard and J. B. Driggs, for plaintiff in error.

Henry M. Russell, for defendants in error.

Before GOFF and SIMONTON, Circuit Judges, and WADDILL, District Judge.

SIMONTON, Circuit Judge. This case comes up by writ of error to the circuit court of the United States for the district of West Virginia. The action was brought by the plaintiff, Frederick W.

Neininger, against John K. Cowan and Oscar G. Murray, receivers of the Baltimore & Ohio Railroad Company. The cause of action is injuries received by the plaintiff in a collision with the railroad train of the defendants at a railroad crossing at the intersection of Main and Sixteenth streets, in the city of Wheeling, W. Va. The cause was heard in the circuit court with a jury. Only the testimony on the part of the plaintiff was taken. From this it appeared: That the plaintiff is by occupation a butcher, resident in the town of Bridgeport, Ohio. That he had frequent occasion to cross the bridge leading from Bridgeport to Wheeling, and to visit the latter city. The chief purpose of his visit was to purchase meat from the Swift Beef Company, which had a place of business close to the depot of the Baltimore & Ohio Railroad. His visits had been made chiefly in the daytime, towards the afternoon. Several times he had been there in the early morning, about 4 o'clock. On the morning of 23d April, 1896, a little before or about 5 o'clock, he crossed the bridge from Bridgeport, and drove into Wheeling, in a two-horse wagon, covered, with wooden sides. The driving seat was in front of the wagon, and outside of the sides, protected with curtains, which folded up, and which were so folded on this occasion. On the morning in question he entered Main street to the north of Sixteenth street, and the place of the crossing of the railroad track. His horses were trotting, and continued to trot until he got within about 50 or 60 feet of the railroad track, when he pulled his team down to a walk, and, without stopping, continued his course up to and upon the railroad track. Just as he got on the track the train of the defendants, which had left the depot a short distance from that point, going east, collided with his horses and wagon, killed one horse, injured another severely, smashed the wagon, threw him out on the pavement, and inflicted very serious injuries upon him, from which he has only partially recovered. The point of collision was the railroad crossing at the intersection of Main and Sixteenth streets. The plaintiff, in his wagon, approached this point, passing on the west side of Main street, between the curb of the pavement and the track of the Wheeling Street-Railway Company. The distance between this curb and this railway is 19 feet 4 inches. On this side of Main street, at the corner of Main and Sixteenth streets, there is a two-story brick building, and on Main street, next adjoining, are two other brick buildings, of two stories each. These prevent any one from seeing on the railroad track until he comes within 10 feet of the track, and from that point he can see about 64 feet on the railroad track. Had he gone on the east side of Main street, he could have had, from a point 18 or 20 feet from the railroad track, an unobstructed view of the track from every direction. The ordinances of Wheeling provided that this Baltimore & Ohio Railroad Company should erect and maintain in good order a gate at this crossing, properly managed by a watchman. It was further provided that, until gates should be erected and put in operation, no railroad company should run a train through the city at a greater speed than 4 miles an hour, and, after the gates were so put up and in operation, at a greater speed than 6 miles an hour. The

railroad company had, some years before this accident, erected and maintained a gate at this point; but it had been removed more than a year before this, and no gate had thereafter been constructed. The testimony showed that the railroad company, in the daytime, had a man with a flag at this place to give warning of approaching trains, and plaintiff had seen this precaution taken. On the morning in question, which was just about daybreak, they had no such flagman stationed at that point. There is some confusion in the testimony as to the speed with which the train was moving. Some of the witnesses say at 15 miles an hour; some, as low down as 4 miles an hour. As soon as the accident occurred, the train was stopped, and when stopped it had passed the place of the accident the length of the locomotive and tender, and a large part of the baggage car. The plaintiff did not stop his wagon. He says that he listened for a train, and heard neither the bell nor whistle, nor the puffing of the engine, nor the noise of the train. Any sound which could come to him would be obstructed by the buildings on Main street, which were between him and the coming train. There is no evidence that any bell was rung or whistle sounded. One of the witnesses speaks of the puffing of the engine so loud as to induce the belief that they were going up a grade. The law of West Virginia requires a bell or steam whistle to be sounded by every locomotive at a distance of at least 60 rods from any place where the railroad crosses any public street or highway. At the close of the plaintiff's testimony, and after argument, the court instructed the jury to find for the defendant, because of the negligence of the plaintiff, which contributed to the injury. Thereupon plaintiff excepted, a writ of error was allowed, and the case in here on assignments of error as follows: Because the court erred in sustaining the motion of the defendants to exclude the plaintiff's testimony, and directing the jury to find a verdict for defendants; because the court erred in overruling plaintiff's motion to set aside the verdict and grant a new trial, and in rendering judgment for the defendants; because the court erred in holding that the plaintiff, on facts shown by the testimony set forth in the bill of exceptions, was guilty of contributory negligence. The first and third grounds of exception will be considered. The second assignment of error cannot be considered here. Railway Co. v. Struble, 109 U. S., at pages 384, 385, 3 Sup. Ct. 270, 27 L. Ed. 970.

The court instructed the jury to find for the defendant. This it was competent to do. "It is now the settled rule in the courts of the United States that when, on the trial of a civil case, it is clear that the state of the evidence is such as not to warrant a verdict for a party, and that if such verdict were rendered the other party would be entitled to a new trial, it is the right and duty of the judge to direct the jury to find according to the views of the court. Such is the constant practice, and it is a convenient one. It saves time and expense. It gives scientific certainty to the law in its application to the facts, and promotes the ends of justice." Bowditch v. Boston, 101 U. S. 18, 25 L. Ed. 980; Griggs v. Houston, 104 U. S. 533, 26 L. Ed. 840; Montclair v. Dana, 107 U. S. 162, 2 Sup. Ct. 403, 27 L. Ed.

436. In Elliott v. Railway Co., 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1070, it is held:

"Though questions of negligence and contributory negligence are ordinarily questions of fact to be passed upon by a jury, yet, when the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict returned in opposition to it, it may withdraw the case from the consideration of the jury and direct a verdict."

See, also, Mitchell v. Railroad Co., 146 U. S. 513, 13 Sup. Ct. 259, 36 L. Ed. 1064.

This ruling of the trial court is a ruling upon the law. It, in effect, holds, as a matter of law, that the party cannot recover. "The case should be left to the jury unless the conclusion follows, as a matter of law, that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish." Dunlap v. Railroad Co., 130 U. S. 649, 9 Sup. Ct. 647, 32 L. Ed. 1058. The motion made in the case at bar is the one now made, taking the place of a demurrer to the evidence. "In such a case," says the court in Railroad Co. v. Woodson, 134 U. S., at page 621, 10 Sup. Ct. 630, 33 L. Ed. 1035, "the practice of a demurrer to the evidence can be resorted to, or a motion to exclude the evidence from the jury, or to instruct them that plaintiff cannot recover, which motions are in the nature of demurrers to the evidence, though less technical, and have in many states superseded the ancient practice of a demurrer to the evidence." This being so, although the ruling of the court below depended largely upon its discretion (Stewart v. Lansing, 104 U. S. 511, 26 L. Ed. 866), yet it was such an exercise of discretion as is reviewable in this court,—a decision upon a question of law, which properly comes here on a writ of error. We must then inquire, was this discretion rightfully exercised in the case at bar? The ruling governing the court when this motion is presented is that stated in Dunlap v. Railroad Co., supra:

"The case must be left to the jury unless the conclusion follows, as matter of law, that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish."

Such a motion, like the demurrer to the evidence, admits, not only what the testimony proves, but what it tends to prove. The ultimate facts are admitted. Railroad Co. v. Woodson, 134 U. S. 621, 10 Sup. Ct. 628, 33 L. Ed. 1032. This being the law applicable to this case, was the court below in error in directing a verdict for defendant? There can be no doubt, from the testimony presented at the trial, that the defendants were guilty of negligence. The train approached a crossing of two important streets in the city, and gave no notice whatever of its coming. The witnesses heard no bell, and no whistle was sounded. No gates had been erected at the crossing, and no person was stationed at that place to give notice of a moving train. The defendants had neglected to observe the regulations prescribed both by an act of the legislature and by the ordinances of the city. So it must be assumed that at the time of the accident, and as one cause of the accident, there was negligence on the part of the defendants. But this does not decide the case. "The question in such cases" as this at bar "is (1) whether the damage was occasioned en-

tirely by the negligence or improper conduct of the defendant; or (2) whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution that, but for such negligence or want of care and caution on his part, the misfortune would not have happened." Railroad Co. v. Jones, 95 U. S. 442, 24 L. Ed. 507; Railway Co. v. Ives, 144 U. S. 424, 12 Sup. Ct. 679, 36 L. Ed. 485.

The law is well settled by Judge Sanborn (Mr. Justice Brewer sitting with him and concurring) in Railway v. Moseley, 6 C. C. A. 643, 57 Fed. 922, 12 U. S. App. 601:

"In order to maintain an action for negligence, when the injury was not wantonly, maliciously, or intentionally inflicted, it must appear that the negligence of the defendant was the proximate cause of the injury, and it must not appear that the negligence of the plaintiff contributed to that injury. When a diligent use of the senses by plaintiff would have avoided a known or apprehended danger, a failure to use them is, under ordinary circumstances, contributory negligence, and should so be declared by the trial court; and, when contributory negligence is established by the uncontroverted facts of the case, it is the duty of the trial court to instruct the jury that the plaintiff cannot recover."

Negligence is the failure to do what a reasonable and provident person would ordinarily have done under the circumstances. Railroad Co. v. Jones, 95 U. S. 439, 24 L. Ed. 406. That negligence is the proximate cause of an injury from which the injury might and ought to have been foreseen or reasonably anticipated under the circumstances as its probable result. It goes without saying that injury from engines or cars can be and ought to be foreseen or anticipated as the probable result of walking across or on a railroad track without looking both ways and listening for approaching engines. This is demonstrated by the fact that so universal is the experience that it has become a settled rule of law that such action is negligence. Railway v. Moseley, supra; Elliott v. Railway, 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068. The negligence of the servants of a railroad company in not sounding a whistle or ringing a bell does not excuse a person for not exercising ordinary care in crossing a track. Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542.

In the case before us the plaintiff was no stranger to the city of Wheeling. He was in the habit of going into it frequently, and was perfectly familiar with the place of the accident. He knew that the railroad track crossed at that place. He knew that the depot was a very short distance from it, and that trains left it for the East in the early morning. The track at the crossing in itself gave warning of danger. The absence of gates and the nonappearance of a flagman at that point gave significance to this warning. Entering Main street in his wagon, he trotted his horses towards the railroad crossing until he reached a point 50 or 60 feet from it. Then he slowed down to a walk, but kept going on. His plain duty, approaching that crossing, was to stop, look, and listen. Had he, instead of going on the west side of the street, gone on the opposite side, he could have looked upon the track, up and down, before he reached the crossing. Instead of this, he selected the other side, from which his opportunity of seeing was prevented by the buildings at the corner of the crossing, and his

ability of hearing distinctly was diminished by the same cause. Under these circumstances, unable to see as well as to hear, it was all the more incumbent upon him to stop. This he did not do. Something must have prevented him from hearing the train. One of his witnesses, who was on that train, whose attention was not specially called to the fact, stated that as they were approaching the crossing the engine was giving that loud, puffing noise, indicating that it was going up grade. Plaintiff did not hear this,—whether from inattention, or because of the noise of his moving wagon, does not appear. He did not hear. All the more was it his duty to stop. Ordinary caution would have compelled him to stop. Had he done so before crossing the track, the accident could not have happened. He went on, got on the track, and was injured. He himself contributed to the injury. The judgment of the circuit court is affirmed.

WADDILL, District Judge, dissents.