### BRYCE v. SOUTHERN RY. CO. et al.

(Circuit Court, D. South Carolina. April 1, 1903.)

1. FEDERAL COURT—JURISDICTION—REMOVAL OF CAUSES—JOINT DEFENDANTS.
   In determining whether a cause of action against several defendants, some of whom are of the same citizenship as plaintiff, is removable to the federal courts on the ground of diverse citizenship, the allegations of the complaint alone can be considered, except where the petitioner for removal both alleges and proves that the defendants were wrongfully joined for the purpose of preventing a removal, in which case the allegations of the removal petition may be considered.

2. SAME—CARRIERS—INJURIES TO PASSENGER—JOINDER OF DEFENDANTS—NEGLIGENCE—ALLEGATION.
   A complaint in an action by a passenger for injuries joined the engineer and conductor of the train by which plaintiff was injured, who were of the same citizenship as plaintiff, with the railroad company, which was a citizen of a different state. It alleged that plaintiff was injured by reason of the derailment of the train, but contained nothing but a general allegation of negligence as against the engineer and conductor. *Held*, that under Code Civ. Proc. S. C. § 163, providing that plaintiff shall set out in his complaint a plain and concise statement of the facts constituting his cause of action, the complaint was insufficient as against

---

¶ 1. Diverse citizenship as ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

the engineer and conductor, and their joinder as parties therefore constituted no objection to the railroad company's right to remove the cause to the federal courts.

J. P. K. Bryan, for plaintiff.
J. W. Barnwell, for defendants.

SIMONTON, Circuit Judge. This case comes up on a motion to remand it to the state court. An action was brought in the court of common pleas of Orangeburg county, S. C., by William Bryce against the Southern Railway Company, Edward Bird, and James Harling. A petition for removal, with bond, was filed in and presented to the state court. Hearing the petition, an order of removal was passed, and the record is here on this motion to remand.

The Southern Railway Company is a corporation of the state of Virginia. The grounds for removal stated in the petition are that the action is brought by the plaintiff, a citizen and resident of South Carolina, for damages resulting to him by reason of derailment of a train on which he was a passenger, caused by the negligence of the railway company and its servants, the plaintiff also charging that the negligence was reckless, the joint negligence and recklessness of all the defendants named; that the defendants Bird and Harling, alleged to be the one the engineer and the other the conductor of the train, are not charged in the complaint with any actionable negligence jointly with the railway company, or any joint, actionable, reckless tort or wrong for which, under the terms of the complaint, they could be held liable in this court, but that they are put in as defendants solely for the purpose of preventing the removal of the cause to the federal court; that they are merely nominal, and not necessary, parties to the cause. The petition also states on information and belief that Harling is a citizen of North Carolina.

To the decision of the question now before the court we must look to the allegations of the complaint alone. L. & N. R. R. Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473. The only exception to this is that the petition may be resorted to if the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal to this court. The petition alleges this, but, as no evidence was offered at the hearing, the defendant relies for the proof of this charge upon the allegations of the complaint, so practically the right of removal must be tested by the allegations of the complaint. The complaint, after stating that the Southern Railway Company operates a railroad between Spartanburg and Charleston, S. C., running through certain counties named, among them Richland county, and is a common carrier of passengers between said points, and that plaintiff is a railway mail clerk, so a passenger on the railroad passenger train of said company, proceeds:

"That on the 24th day of August, 1902, while the plaintiff was in such mail car on said train on said railroad, being so conveyed, within about six miles from the city of Columbia, the said car in which the plaintiff was, together with other cars of the same train, was derailed and hurled down an embankment and overthrown, and plaintiff was greatly injured, wounded, his leg broken, and otherwise hurt and damaged in his person. That the

said wreck and derailment of said train and mail car in which the plaintiff was then riding and in discharge of his duties as such railway mail clerk was caused by the negligence of said defendant Southern Railway Company and their servants. That at the time and place when and where the plaintiff was injured as aforesaid the defendants Edward Bird was the engineer and James Harling was the conductor, servants of the said Southern Railway Company, defendant, in charge and control of said train respectively as engineer and conductor of said train, and that the said negligence of the said Southern Railway Company, defendant, was done by and through its said servants, and other of its servants then and there in its employment, and said negligence was the joint negligence of all of the said defendants. And plaintiff further alleges that the negligence of the said Southern Railway Company causing derailment and wreck of said train and the injuries to plaintiff, as aforesaid, was also reckless, and was the joint recklessness of all said defendants in running said train."

Does this complaint state a separable controversy with the Southern Railway Company? We must assume that the allegations of the complaint are confessed (East Tenn., V. & G. R. R. Co. v. Grayson, 119 U. S. 240, 7 Sup. Ct. 190, 30 L. Ed. 382), that is to say, such allegations as are well pleaded. The complaint sets out an action for tort, and, claiming to have a cause of action against the conductor and engineer, joins the railway company with them as defendants, charging them jointly. The plaintiff could have sued each of them severally. He has elected to sue them jointly. That is his cause of action, the subject-matter of the controversy; and for all the purposes of this suit this is whatever the plaintiff declares it to be in his pleading. The defenses may be separate, and they may defeat a joint recovery. The plaintiff takes the risk of this, and the defendants cannot deprive the plaintiff of his right to prosecute his own suit to a final determination. L. & N. R. R. Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63, quoted and affirmed in Connell v. Smiley, 15 Sup. Ct. 353, 39 L. Ed. 443, and Chesapeake, etc., Ry. v. Dixon, 179 U. S. 138, 21 Sup. Ct. 67, 45 L. Ed. 121. It may be that this allegation of a joint tort is colorable, and has been made to deprive United States courts of jurisdiction. But this would be a good defense to the action, not a ground for removal. Provident Life Assur. Soc. v. Ford, 114 U. S. 635, 5 Sup. Ct. 1104, 29 L. Ed. 261. As to the question whether the fact of the joinder of the railway company with its employés should prevent a removal to this court, it is not possible to distinguish this case from that of the Chesapeake, etc., Ry. v. Dixon, supra. In that case an action was brought for personal injuries in a state court of Kentucky by Dixon against a railroad company and the engineer and fireman of the train. A petition for removal was filed by the railroad company on the ground of a separable controversy. The petition was refused, and the order refusing a removal was carried by appeal into the Supreme Court of Kentucky, was there affirmed (47 S. W. 615), and was then carried by writ of error into the Supreme Court of the United States. That court affirmed the decision of the Kentucky court. Chief Justice Fuller delivered the opinion of the court, and rested his decision upon the allegations of the pleading of the plaintiff. "If the liability of the defendants as set forth in that pleading was joint, and the cause of action entire, the controversy was not

separable. As a matter of law the plaintiff's purpose in joining engineer and fireman was immaterial." The question is fully discussed, and the cases and principle stated above fully affirmed and maintained. In Gableman v. Peoria, etc., R. R. Co., 179 U. S. 131, 21 Sup. Ct. 171, 45 L. Ed. 220, the chief justice, quoting this Dixon Case, states the point decided thus: "And in respect to the removal of actions of tort on the ground of separable controversy, the existence of such controversy must appear on the face of the plaintiff's pleading, and it does not so appear if the defendants are charged with direct or concurrent or concerted wrongful action." It is clear both from the decision of the Kentucky court and of the Supreme Court that the motive of the plaintiff in joining these two defendants, even if it was for the single purpose of preventing removal into the federal court, was immaterial, unless these defendants were illegally and wrongfully joined. Have they been illegally joined? If the allegations of this complaint were that the plaintiff was injured through the negligence of the conductor and engineer, upon whose negligence alone the liability of the railway company was based, then perhaps, as is held by the Circuit Court of Appeals of the Sixth Circuit, the controversy would be separable, and for the reason given: "Because the liability of the master for the negligence of his servants in his absence and without his concurrence or express direction arises solely from the policy of the law, which requires that he be held responsible for acts of those whom he employs done in and about his business." The responsibility of the servant arises wholly from his personal act in doing wrong. Warax v. Cincinnati, etc., Ry. Co. (C. C.) 72 Fed. 641. But in the case at bar the plaintiff does not rest his charge on the joint liability of the railway company and the other defendants solely on the ground of the negligence of those defendants. He charges that the derailment was occasioned by the negligence of the railway company by and through its said servants (the conductor and engineer), and through others, its servants, then and there in its employment, and said negligence was the joint negligence of all the said defendants. Under this allegation the plaintiff could prove the concurrent action of agents of the railway company, perhaps a corporate or superintending officer acting directly for it, and so implicating it directly, as corporations can act only by their agents.

The same learned Court of Appeals in Hukill v. Mayesville, etc., R. R. Co. (C. C.) 72 Fed. 745, lays down this doctrine:

"In order to justify the removal to a federal court in which some of the defendants are citizens of the same state with plaintiff on the ground that such defendants have been apparently joined to defeat the jurisdiction of the federal court, it must appear not only that they were joined for that purpose, but that no cause of action is stated against them, or that they are in law improperly joined, or that the averments of fact on which a joint liability is asserted are so palpably untrue or unfounded as to make it improbable that the plaintiff could have inserted them in good faith."

As has been seen, we look to the allegations of the complaint alone. The plaintiff asserts the facts therein on his peril. He must prove them, and must stand or fall by them. If they are false, he must fail; and the demonstration of their falsity is a matter of defense, not a cause for removal. Ry. Co. v. Dixon, 179 U. S. 138, 21 Sup.

Ct. 67, 45 L. Ed. 121. It cannot be said in this case that the averments of fact are palpably untrue. If they are true, and are well pleaded, then the defendants are properly joined.

But the question remains, has any cause of action been stated against the conductor and engineer, who have been brought into this case? If not, then the action is severable. The complaint, after setting out that the plaintiff, a passenger on the Southern Railway, a common carrier, was injured by the derailment of the train, in the seventh paragraph charges that this was through the negligence of the railway company. This is good pleading so as to charge the railway company. The railway company had contracted to carry the plaintiff safely. He was injured during this carriage. The presumption of law is he was injured through the negligence of the carrier. The contract and injury being proved, the burden was on the carrier to show that the injury had not been caused by any negligence of itself or of any of its agents in any branch of its employment. Stokes v. Saltonstall, 13 Pet. 181, 10 L. Ed. 115; R. R. Co. v. Pollard, 22 Wall. 341, 22 L. Ed. 877; Gleeson v. V. M. Ry. Co., 140 U. S. 443, 11 Sup. Ct. 859, 35 L. Ed. 458. The complaint then alleges that the conductor and engineer, the other defendants, were negligent, and contents itself with this charge in these general terms. We are dealing with what is known as code pleading under a code in all respects the same as the New York Code. The essential characteristic of pleading under the Code is that there be a plain and concise statement of the facts constituting the cause of action as well as of the defense. Code Civ. Proc. S. C. § 163. Negligence is a mixed question of law and of fact. To determine whether there was negligence in any case, the facts from which the negligence is inferred should be stated and proved. When these are such that all reasonable men must draw the same conclusion from them, the court decides the question of negligence as one of law. Gardner v. Ry. Co., 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107. In every other instance it is for the jury alone to say whether, from the facts, negligence can be inferred. Delaware, etc., Ry. Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Grand Trunk v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Dunlap v. N. E. R. R. Co., 130 U. S. 649, 9 Sup. Ct. 647, 32 L. Ed. 1058. It is very clear that the facts must be stated so as to determine whether it is a question of law or a question for the jury. There are no facts stated in this complaint except the derailment of the train, and no facts stated connecting these defendants with that derailment; nothing but the conclusion of law that it was their negligence. There is no presumption against them, no burden of proof which they must bear. Logically, therefore, it would seem that no cause of action is properly pleaded against them. As the complaint sought to charge them jointly for the negligence of the railway company—that is to say, for the negligence of any servant or agent of the railway company as well as their own—they had the right to know from what facts they were so charged. Yet they are charged with negligence—indeed, with recklessness—no single fact being alleged on which to base this conclusion of law. In Enc. of Pl. & Pr. Article Negligence,

vol. 14, p. 336, the general proposition is stated, for which a large number of authorities is quoted as follows: "A declaration for negligent injury should aver the fact and the manner of the negligence." In Madden v. R. R. Co., 35 S. C. 383, 14 S. E. 713, 28 Am. St. Rep. 855, a question came up on demurrer to the complaint as not stating facts sufficient to constitute a cause of action. The case went into the Supreme Court. Discussing it, Chief Justice McIver, in delivering the opinion of the court, says:

"To sustain an action like this it is necessary for the plaintiff to allege and prove that she has been injured in her person by the negligence of the defendant, the cause of action being negligence of the defendant. There being no question that the fact of injury is sufficiently alleged in the complaint, the only inquiry is whether the other element in the cause of action—the negligence of the defendant causing the injury—has been likewise sufficiently alleged. Negligence being a mixed question of law and fact, it is not sufficient to allege in general terms that injury has been sustained by reason of the negligence of the defendant. Plaintiff must go on, and allege the facts constituting such negligence, which, if believed by the jury, would be sufficient to warrant a finding that defendant was guilty of negligence."

In the case at bar the wisdom and necessity of this rule are apparent. These two defendants are charged with negligence and recklessness jointly with the railway company. The law holds a railway company responsible for any negligence of any of its servants in any department. How could these defendants have prepared themselves to meet this charge of joint negligence until they knew what are the facts upon which the joint negligence is based. As has been said, we are confined to the case as it was made in the pleadings in the state court. It appears from these authorities that no actionable charge of negligence has been made against these two defendants, the conductor and the engineer. No cause of action has been stated against them. This being so, the only controversy in the complaint is that of the railway company, and the insertion of the names of these two defendants in the complaint cannot prevent the removal of the cause into this court. And, following the rule in Hukill v. R. R. Co., supra, this court concurs with the state court in holding that there is a separable controversy here, and that the cause is removable.

The motion to remand is refused.