KLAW et al. v. LIFE PUB. CO.

(Circuit Court of Appeals, Second Circuit. April 20, 1906.)

No. 227.

1. TRIAL—REQUEST FOR RULINGS—FORM.

In an action for libel, plaintiff's counsel requested the court to hold, on the cut alleged to be libelous, that it constituted libel per se on its face as a matter of law, and that the only question for the jury was the question of damages. *Held*, that such request contained more than a single proposition and was therefore properly refused.

2. SAME—EXCEPTIONS—TIME OF TAKING.

Where, at the close of the charge, plaintiff's counsel stated that he had no exceptions, exceptions to the charge attempted to be taken after the jury had retired were too late.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 680–682.]

In Error to the Circuit Court of the United States for the Southern District of New York.

The action was for libel, the alleged libel being a cut or picture published in defendant's illustrated weekly paper, known as "Life." The jury brought in verdict for defendant.

Harrison Leck, for plaintiff in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The first proposition urged upon this appeal is that the trial judge should have instructed the jury that the picture

was libelous per se, instead of leaving it to them to determine whether or not it was libelous. The only exception upon which this contention is based was reserved under the following circumstances. At the close of the trial the plaintiffs moved that certain evidence be stricken out, which was denied. Thereupon their counsel said:

"Now I ask your honor to hold on the cut that as a matter of law it constitutes libel per se upon its face, and the only question for the jury to pass on is the question of damages."

The request was denied and exception taken.

Manifestly this request contains more than a single proposition. It called upon the court to withdraw from consideration of the jury not only the question as to the character of the publication, but also as to whether it was directed against plaintiffs, and whether it was justified. Counsel for plaintiffs concedes that the request covers all three propositions, and the exception to its refusal therefore is unsound. Had the judge charged the request as it was submitted to him it is conceded his doing so would have been reversible error.

It is further contended that the court erred in some instructions as to the degree of care which should be exercised by booking agents and proprietors of plays as to the safety of the place of exhibition. We cannot, however, upon this appeal, inquire into any such questions, because the exceptions relied upon were not taken until after the jury had retired. Indeed, at the close of the charge, plaintiffs' counsel said: "I think your honor has covered our requests, and I have no exceptions." The practice of undertaking to reserve exceptions after the jury has retired has been condemned by the Supreme Court in Hickory v. U. S., 151 U. S. 316, 14 Sup. Ct. 334, 38 L. Ed. 170, and by this court in Commercial Travelers' Ins. Co. v. Fulton, 79 Fed. 423, 24 C. C. A. 654. The authority relied upon by plaintiffs in error (Dunlap v. N. R. Co., 130 U. S. 649, 9 Sup. Ct. 647, 32 L. Ed. 1058) is not in point. In that case verdict was directed for the defendant—practically a nonsuit on all the evidence—so that the jury did not retire at all, and an exception reserved before the cause terminated by discharge of the jury might fairly be considered as being reserved "before the jury retired."

Some minor questions are raised as to the admission of testimony, and as to some specific questions to witnesses, but they are of no importance and need not be discussed. The exceptions thereto do not present any error calling for a reversal.

Judgment affirmed.