## SLOAN et al. v. HERNDON et al.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1914.)

### No. 2586.

1. TRIAL (§ 139*)—TAKING CASE FROM JURY—DIRECTED VERDICT.

A verdict should not be directed unless the conclusion follows, as a matter of law, that the opposite party is not entitled to a verdict upon any view which could be properly taken of the facts which the evidence tends to establish.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. TRESPASS TO TRY TITLE (§ 44*)—SUFFICIENCY OF EVIDENCE—TITLE OF DEFENDANTS.

In trespass to try title, where plaintiffs had established a prima facie case as remote grantees from the patentee, evidence, on the part of defendants, held sufficient to warrant an inference that the patentee had transferred the scrip, which was located upon the land in controversy, to the defendants' ancestor prior to its location, and therefore to render a directed verdict for the plaintiffs erroneous.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 66; Dec. Dig. § 44.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Action by J. H. Herndon and others against T. S. Sloan and others. Judgment for the plaintiffs upon a verdict directed in their favor, and defendants bring error. Reversed and remanded.

Suit was brought in trespass to try title to recover a tract of 573 acres of land situated in Newton county, Tex. Both parties claim to trace their title to W. H. Chambers, the Herndons as vendees by mesne conveyances from the heirs of Chambers, to whom the patent was issued, and the Sloans through their ancestors as purchasers of the Toby scrip, by virtue of which the land was located and patented. This scrip, entitling the holder to 640 acres of land, was issued by Thomas Toby October 10, 1836, to Almonzon Huston and by the latter transferred to William H. Chambers November 12, 1836. The patent, embracing the land in controversy, was issued to "Wm. H. Chambers, his heirs or assigns," on May 13, 1885; the scrip or certificate having been located between September, 1874, and January, 1875. The following statement taken from the record is deemed pertinent: "The uncontradicted evidence in this case established that W. S. Herndon died prior to the institution of this suit, leaving a will. That, under the provisions of the will, J. H. Herndon was named as executor, and duly qualified as such. Plaintiffs introduced in evidence a deed from said J. H. Herndon, executor, to W. Sidney Herndon, for the land in controversy, dated January 6, 1905, duly executed, filed, and recorded. That W. Sidney Herndon died pending this suit, leaving the present plaintiffs as his only heirs. The uncontradicted evidence further established that Mrs. E. S. Sloan was the daughter and only child and heir of Dr. Jos. Taylor; that both she and her husband died pending this suit, in 1907, leaving the defendants as her only heirs. It was agreed between the parties to this suit that the defendants have a witness, who, if present and testifying, would state that he was well acquainted with Dr. Joseph Taylor during his lifetime; that Dr. Taylor resided at Shreveport, La., and was agent for and locator of lands for himself and others; that he dealt in Texas lands; that the witness would further testify that he made search among the papers of Dr. Taylor and among the papers of the daughter of Dr. Taylor after his death, and has been unable to find the land certificate in controversy herein."

Testimony was offered by both parties in support of their respective claims, and upon the conclusion of the evidence, the court peremptorily instructed the jury to return a verdict for the plaintiffs. Pursuant to the instruction, the verdict was rendered and judgment entered in accordance therewith. The defendants below duly excepted to the peremptory instruction and prosecute error to reverse the judgment.

W. D. Gordon and Thos. J. Baten, both of Beaumont, Tex., for plaintiffs in error.

Ben B. Cain, of Dallas, Tex., and H. E. Lasseter, of Tyler, Tex., for defendants in error.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge. [1] The question requiring consideration is whether the trial court erred in taking the case from the jury, and in giving a peremptory instruction in favor of the defendants in error. Upon this subject, the Supreme Court, in the case of Texas & Pacific Railway Co. v. Cox, 145 U. S. at page 606, 12 Sup. Ct. at page 909, 36 L. Ed. 829, has announced the following rule:

"The case should not have been withdrawn from the jury unless the conclusion followed, as matter of law, that no recovery could be had upon any view which could be properly taken of the facts the evidence tended to es-

tablish. Dunlap v. Northeastern Railroad, 130 U. S. 649, 652 [9 Sup. Ct. 647, 32 L. Ed. 1058]; Kane v. Northern Central Railway, 128 U. S. 91 [9 Sup. Ct. 16, 32 L. Ed. 339]; Jones v. East Tennessee, Virginia & Georgia Railroad, 128 U. S. 443 [9 Sup. Ct. 118, 32 L. Ed. 478]."

Applying the foregoing rule to the present suit, it seems to us that the case should have gone to the jury upon the facts. After the defendants in error had established a prima facie case, by showing that they stood in the attitude of purchasers, through mesne conveyances from the heirs of W. H. Chambers, the plaintiffs in error introduced evidence tending to show: (1) That their ancestor, Dr. Joseph Taylor, was agent and locator of lands for himself and others; (2) that he owned several tracts of land in Newton county; (3) that Dr. Taylor employed the county surveyor of Newton county to locate the scrip in question, and that it was located on the land in controversy between September, 1874, and January, 1875; (4) that Dr. Taylor claimed to own the scrip at the time of its location; (5) that the patent was issued in 1885, and, when this suit was instituted, it was in the possession of the Sloans; (6) that taxes were paid on the land by the Sloans for a number of years; (7) that there was correspondence between Dr. Taylor and others, and after his death in 1881, between the Sloans and others, tending to show that Dr. Taylor claimed to own the land; (8) that by common repute in the neighborhood where the land is situated, although the evidence on this point is conflicting, the land was regarded as belonging to the Taylor heirs; and (9) that the heirs of Chambers, nonresidents of Texas, asserted no claim of ownership by payment of taxes or otherwise until they executed a power of attorney to McFarland in 1886, which was not recorded until 1899, about the time the Chambers heirs, by their agent, McFarland, conveyed to W. S. Herndon November 18, 1899.

In view of the foregoing and the lapse of time intervening between the location of the Toby scrip and the institution of the present suit, we are of the opinion that the cause, under proper instructions, should have been submitted to the jury.

[2] We neither express nor intimate an opinion touching the facts, except to say there was sufficient evidence tending to warrant the presumption, which is one of fact, that Chambers had transferred, or might have transferred, the Toby scrip to Taylor prior to its location. See Fletcher v. Fuller, 120 U. S. 534, 7 Sup. Ct. 667, 30 L. Ed. 759; Le Blanc v. Jackson (Tex. Civ. App.) 161 S. W. 60. If a transfer by Chambers had been made, whether orally or in writing, it would necessarily follow his heirs were without title to the land, and hence that W. S. Herndon took nothing as their vendee. To avoid possible misconception, it may be said that the question of innocent purchaser has not been considered by us in the decision of this case.

For the error of the court in giving the peremptory instruction complained of, the judgment is reversed, and the cause remanded for a new trial.