## TROWBRIDGE v. CHANDLER.

(Circuit Court of Appeals, Second Circuit. March 9, 1915.)

No. 85.

**1. INNKEEPERS ⬤10—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.**

In an action for injuries to a guest in a hotel, caused by falling down a stairway while going to her room through an unlighted hallway, evidence *held* to make questions for the jury as to defendant's negligence and plaintiff's contributory negligence, and the court therefore erred in directing a verdict for defendant on the ground that plaintiff was negligent as a matter of law.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 14–16; Dec. Dig. ⬤10.

Liabilities for personal injuries to guests, see notes to Clancy v. Barker, 66 C. C. A. 483, and Trulock v. Willey, 112 C. C. A. 5.]

**2. NEGLIGENCE ⬤136—QUESTIONS FOR JURY—UNDISPUTED FACTS.**

Where reasonable men might differ as to the conclusion to be drawn from undisputed facts, the question of negligence is one for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. ⬤136.]

**3. EVIDENCE ⬤123—HEARSAY—RES GESTÆ.**

In an action for injuries to a hotel guest, caused by falling down a stairway while going to her room through an unlighted hallway, the testimony of a witness that, after plaintiff fell, a woman from whom plaintiff had just separated at the door of her own room called to the witness to bring a light, and said that she could not find a match, was properly excluded as hearsay; it not being any part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. ⬤123.]

In Error to the District Court of the United States for the District of Vermont.

This cause comes here upon writ of error to review a judgment of the District Court, District of Vermont, in favor of defendant in error, who was defendant below. Defendant was an innkeeper; plaintiff was a guest who sustained injuries from falling down a flight of stairs when going to her bedroom.

Batchelder & Bates, of Bennington, Vt. (N. L. Robinson, of New York City, of counsel, for plaintiff in error.

Buttles & Botsford and T. W. Moloney, all of Rutland, Vt., for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LACOMBE, Circuit Judge. [1] The door to plaintiff's room was ·close to an open stairway. with which she was familiar. During her stay at defendant's house up to the night of the accident, plaintiff had retired at about 9:30 or 10 p. m., before the lights in the hallways were extinguished. The hotel was a small one, remote from the lines ·of travel, lit with kerosene lamps; the boarders kept early hours, and it was customary, in order to avoid fire risk, to put these lamps out when the boarders had retired. On the evening in question plaintiff and another boarder, Miss Curtis, had been visiting a friend on the floor below, and left there about 10:45, at which time all the hall lights were out. The two ladies went up a nearby stairway to the upper floor, into a large writing room 20 by 30 feet which was then in total darkness, ·except for some light which came through windows opening on a piazza. They groped their way by this light diagonally across the writing room to a corridor which led to their respective rooms. That corridor, entirely unlighted, was about 25 feet long; on the left of it were two bedrooms, on the right two more, the one furthest to the right being Miss Curtis'. Just beyond the corridor ran into an open hall. On the right-hand side of this hall was a bedroom; on the left-hand side, another bedroom. Across the hall, opposite to the corridor, was the stairway; on its right hand there was another corridor leading to other bedrooms. On the left hand of the stairway was the door of plaintiff's room, distant about 18 feet from Miss Curtis' door. This hall was also entirely unlit, there being no windows to it. In the nearby left-hand corner of the hall there was one of plaintiff's trunks; except for that the hall was unobstructed. The ladies went down the corridor, feeling their way along the wall, till they came to Miss Curtis' ·door, when they said good night. A step or two more brought plaintiff to the place where the corridor opened into the hall, through which she undertook to walk diagonally to her own door. She testified:

"My thought was that I must avoid those stairs which came right down ·close by my door, so ·I will bear well to the left, going slowly with my hands out in front of me, feeling so that I might feel the wall and also feel my own ·door, as I came to it, and just slipping my feet slowly with a small step. * * * The first I knew I was going down [the stairs]."

Further on she stated that she did not continue to guide herself by the wall on the left as she entered the hall, keeping along it and the side wall (to the left) till she reached her own door, because she feared she would have tumbled over her trunk.

At the close of the trial the court directed a verdict for the defendant on the ground that plaintiff was guilty of contributory negligence as matter of law.

The question whether or not defendant was negligent was fairly one for the jury; we do not understand that there is any dispute about that proposition. We are of the opinion, however, that the question of plaintiff's negligence should have been left to them for decision. It is contended that, being fully aware of the danger to be apprehended, she should have waited by the door until Miss Curtis had lit her light, or until she could have obtained a match from Miss Curtis to light her own way across the hall. It may further be contended that the safer

course would have been to continue feeling her way along the walls to her left, when, if she walked slowly, the only mishap she would encounter would be to stub her toe against the trunk.

[2] This court had occasion recently to consider the general question when the inference of negligence from undisputed facts is for the court and when it is for the jury to determine. N. Y., N. H. & H. R. v. Visvari, 210 Fed. 118, 126 C. C. A. 632. Upon the facts in the case at bar reasonable men might differ as to the conclusion to be drawn; in such cases the determination as to what reasonable care and prudence required is for the jury. We think the court erred in holding that plaintiff was negligent as matter of law; i. e., that "a recovery is impossible upon any view that can properly be taken of the facts." Dunlap v. Northeastern R. R., 130 U. S. 649, 9 Sup. Ct. 647, 32 L. Ed. 1058; Kane v. Northern R. Co., 128 U. S. 91, 9 Sup. Ct. 16, 32 L. Ed. 339.

[3] Since there is to be a new trial, another assignment of error should be disposed of. The testimony of Miss Milliken was taken de bene esse. The witness was one of the party who had been visiting in the room below; she left with the other two ladies and went to her own room on another corridor leading out of the writing room. She heard a crash, and then Miss Curtis called to her to bring a light as quickly as possible; that Miss Trowbridge had fallen down stairs. The witness testified that "she [Miss Curtis] said she could not find a match." This testimony was excluded, and error is assigned. We think it was properly excluded, being hearsay, and not any part of the res gestæ.

The judgment is reversed.